# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WSOU Investments, LLC d/b/a Brazos Licensing and Development,<br><br>Plaintiff,<br><br>v.<br><br>Xilinx, Inc.,<br><br>Defendant. | C.A. No. 20-1233-CFC-JLH |

## DEFENDANT XILINX, INC.'S NOTICE OF SUBSEQUENT AUTHORITY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS WSOU'S AMENDED COMPLAINT

OF COUNSEL:

Hilda C. Galvan
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-4556
hcgalvan@jonesday.com

David B. Cochran
JONES DAY
North Point 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-7029
dcochran@jonesday.com

Thomas W. Ritchie
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601-1692
(312) 269-4003
twritchie@jonesday.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

*Attorneys for Xilinx, Inc.*

Dated:  April 9, 2021

Xilinx, Inc. ("Xilinx") files this notice of subsequent authority under District of Delaware Local Rule 7.1.2(b) to advise of Judge Connolly's decision in *ZapFraud, Inc. v. Barracuda Networks, Inc.*, C.A. No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) (Connolly, J.) (attached as Exhibit 1), decided on March 24, 2021, after briefing was complete on Xilinx's partial motion to dismiss WSOU's amended complaint. In *ZapFraud*, Judge Connolly adopted "the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit." *ZapFraud*, 2021 WL 1134687, at *4. Applying this rule, the Court dismissed the *ZapFraud* plaintiff's claims for indirect infringement. *See id.*; *see also* Order, *ZapFraud, Inc. v. Barracuda Networks, Inc.*, C.A. No. 19-1687-CFC-CJB (D. Del. March 24, 2021), D.I. 58 (dismissing claims for pre-suit and post-suit induced and contributory infringement). Xilinx respectfully submits that *ZapFraud's* rule applies with equal force to WSOU's claims for induced and contributory infringement, which should also be dismissed.[1]

---

[1] When WSOU filed its original complaint in this case, it simultaneously filed five separate lawsuits against Xilinx, with each lawsuit alleging infringement of a single patent. Later, WSOU simultaneously filed amended complaints in all five lawsuits. In each amended complaint, WSOU depended upon its own original complaint in that same lawsuit when it attempted to plead the knowledge requirement for its indirect infringement claims. On December 7, 2020, Xilinx moved in all five lawsuits for partial dismissal addressed to WSOU's indirect

1

Xilinx's motion (D.I. 11) seeks dismissal of WSOU's claims for induced and contributory infringement under Federal Rule of Civil Procedure 12(b)(6). Among several independent grounds for dismissal of WSOU's indirect infringement claims, Xilinx's brief (D.I. 12) urges that WSOU has failed to allege facts in its amended complaint that would support a plausible inference that Xilinx had the knowledge required for indirect infringement. Xilinx further explains that WSOU cannot rely on WSOU's own earlier, original complaint in this same lawsuit to supply that missing knowledge. (*See* D.I. 12 at pp. 2-4, 7-11, 18 (WSOU's failure to plead knowledge for induced infringement) and *id.* at pp. 2-4, 16-18 (WSOU's failure to plead knowledge for contributory infringement)). *ZapFraud* addressed this same situation and adopted a rule that likewise requires dismissal of WSOU's indirect infringement claims. *ZapFraud*, 2021 WL 1134687, at *4.

In *ZapFraud*, the plaintiff's second amended complaint relied on the plaintiff's own original complaint to allege the defendant's knowledge of the patent in suit. *See id.* at *1 (second amended complaint accusing defendant of induced and contributory infringement "since at least the filing of this action"). The defendant sought to dismiss the claims of induced infringement and

---

infringement claims in each suit. Xilinx is now filing a notice of subsequent authority in all five lawsuits because WSOU's indirect infringement claims fail under *ZapFraud*.

2

contributory infringement, *see id.*, arguing that the plaintiff had "failed to meet the pleading requirements for indirect infringement . . . because the Second Amended Complaint lacks factual allegations from which it can be inferred that [defendant] knew of the existence of the . . . patent (and thus also of the infringement of that patent) before the filing of this suit." *Id.* at *2. Judge Connolly agreed and rejected the *ZapFraud* plaintiff's contrary argument that the original complaint, by itself, could have provided the required "notice of the . . . patent's existence and how [the defendant] and third parties infringe the patent." *Id.* at *2, 3–4.

As Judge Connolly explained, "[c]laims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent." *Id.* at *1 (citations omitted). That requisite knowledge on the defendant's part cannot be established by the filing of the plaintiff's own complaint. *See id.* at *3. "'The purpose of a complaint is to obtain relief from an existing claim and not to create a claim.'" *Id.* at *4 (quoting *Helios Streaming, LLC v. Vudu, Inc.*, C.A. No. 19-1792-CFC-SRF, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020)). Indeed, in no other area of tort law have the courts "allowed a plaintiff to prove an element of a legal claim with evidence that the plaintiff filed the claim." *ZapFraud,* 2021 WL 1134687, at *4.

3

By contrast, Judge Connolly's requirement of pre-suit notice serves judicial economy and also preserves the parties' own resources by encouraging the plaintiff to seek resolution before it files a lawsuit. "The limited authority vested in our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims." *Id.* It is "neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages." *Id.*

For these reasons, Judge Connolly joined with the many courts that have required pre-suit knowledge of the patent as the better rule, comporting with sound policy. *See id.* at *4.

In so holding, Judge Connolly adhered to his own prior rulings in *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) and *Dynamic Data Techs., LLC v. Brightcove Inc.*, C.A. No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) and followed the guidance promulgated in *Helios Streaming, LLC*, 2020 WL 3167641, at *2 n.1 ("[T]he purpose of a complaint is to obtain relief from an existing claim and not to create a claim."). *See ZapFraud*, 2021 WL 1134687, at *3-4.

4

Because WSOU's claims for induced infringement and indirect infringement should be dismissed under *ZapFraud*, Xilinx respectfully advises the Court of the pertinent and significant authority of the *ZapFraud* decision.

| | |
|---|---|
| Dated: April 9, 2021 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| OF COUNSEL: | |
| | */s/ Anne Shea Gaza* |
| Hilda C. Galvan | Anne Shea Gaza (No. 4093) |
| JONES DAY | Robert M. Vrana (No. 5666) |
| 2727 North Harwood Street | Beth A. Swadley (No. 6331) |
| Dallas, TX 75201-1515 | Rodney Square |
| hcgalvan@jonesday.com | 1000 North King Street |
| | Wilmington, DE 19801 |
| David B. Cochran | (302) 571-6600 |
| JONES DAY | agaza@ycst.com |
| North Point 901 Lakeside Avenue | rvrana@ycst.com |
| Cleveland, Ohio 44114-1190 | bswadley@ycst.com |
| (216) 586-7029 | |
| dcochran@jonesday.com | *Attorneys for Xilinx, Inc.* |
| | |
| Thomas W. Ritchie | |
| JONES DAY | |
| 77 West Wacker, Suite 3500 | |
| Chicago, Illinois 60601-1692 | |
| (312) 269-4003 | |
| twritchie@jonesday.com | |

## **CERTIFICATE OF SERVICE**

I, Anne Shea Gaza, hereby certify that on April 9, 2021, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James M. Lennon, Esquire
> Devlin Law Firm LLC
> 1526 Gilpin Avenue
> Wilmington, DE 19806
> *jlennon@devlinlawfirm.com*
>
> *Attorneys for Plaintiff*

I further certify that on April 9, 2021, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and on the following:

> Isaac Rabicoff, Esquire
> Rabicoff Law Firm LLC
> 5680 King Centre Drive, Suite 645
> Alexandria, VA 22315
> *isaac@rabilaw.com*

27308804.1

Jonathan K. Waldrop, Esquire
Darcy L. Jones, Esquire
Marcus A. Barber, Esquire
John W. Downing, Esquire
Heather S. Kim, Esquire
Jack Shaw , Esquire
ThucMinh Nguyen, Esquire
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
jshaw@kasowitz.com
tnguyen@kasowitz.com

Paul G. Williams, Esquire
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
pwilliams@kasowitz.com

Shelley Ivan, Esquire
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
sivan@kasowitz.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Dated: April 9, 2021 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | |
| | */s/ Anne Shea Gaza* |
| | Anne Shea Gaza (No. 4093) |
| | Robert M. Vrana (No. 5666) |
| | Beth A. Swadley (No. 6331) |
| | Rodney Square |
| | 1000 N. King Street |
| | Wilmington, Delaware 19801 |
| | (302) 571-6600 |
| | *agaza@ycst.com* |
| | *rvrana@ycst.com* |
| | *bswadley@ycst.com* |
| | |
| | *Attorneys for Xilinx, Inc.* |

27308804.1

3