# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | ) ) ) ) ) | C.A. No. 20-1228-CFC-JLH C.A. No. 20-1229-CFC-JLH |
| Plaintiff, | ) ) | C.A. No. 20-1231-CFC-JLH C.A. No. 20-1232-CFC-JLH |
| v. | ) ) | C.A. No. 20-1233-CFC-JLH |
| XILINX, INC., | ) ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

Disclosure and discovery in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted. Accordingly, in order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), the parties agree, subject to order of the Court, as follows:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be

designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," [or] "HIGHLY CONFIDENTIAL – SOURCE CODE," **[WSOU: or "HIGHLY CONFIDENTIAL – CONTAINS SOURCE CODE FILE NAMES, FUNCTION NAMES, VARIABLE NAMES, AND/OR DESCRIPTIONS."]** The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation shall be placed in the file name of each such natively produced document.

2.     Any document produced before issuance of this Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or the like) shall receive the same treatment as if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," respectively, under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.     With respect to documents, information, or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," [or] "HIGHLY CONFIDENTIAL – SOURCE CODE" **[WSOU: or "HIGHLY CONFIDENTIAL –**

**CONTAINS SOURCE CODE FILE NAMES, FUNCTION NAMES, VARIABLE NAMES, AND/OR DESCRIPTIONS,"]**[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A   designation   of   Protected   Material   (*i.e.*,   "CONFIDENTIAL,"   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," [or] "HIGHLY CONFIDENTIAL – SOURCE CODE" **[WSOU: or "HIGHLY CONFIDENTIAL – CONTAINS SOURCE CODE FILE NAMES, FUNCTION NAMES, VARIABLE NAMES, AND/OR DESCRIPTIONS"]**) may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," [or] "HIGHLY CONFIDENTIAL – SOURCE CODE" **[WSOU: or "HIGHLY CONFIDENTIAL – CONTAINS SOURCE CODE FILE NAMES, FUNCTION NAMES, VARIABLE NAMES, AND/OR DESCRIPTIONS"]** both individually and collectively.

Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.  If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized by this Order ("Unauthorized Party"), the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgement and Agreement to be Bound attached as Exhibit A hereto (the "Undertaking").  The execution of said Undertaking by the Unauthorized Party does not grant said party the authority to access the Protected Material.

5.      "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)      Outside counsel of record in this Action for the Parties.

(b)      Outside counsel of record's support personnel including, but not limited to, paralegals, attorneys, law clerks, secretaries, scientific advisors, and staff, working at the direction of such outside counsel that are reasonably necessary to assist such counsel in the litigation of this Action.

(c)      No more than two (2) in-house counsel for the receiving Party, and necessary

secretarial staff, to whom disclosure is reasonably necessary for this Action.

(d)    In addition to the individuals identified in accordance with Paragraph 5(c) above, up to and including two (2) designated officers or employees of the receiving Party to the extent reasonably necessary for the litigation of this Action, provided that before access is given, the designated representative has completed the Undertaking and the same is served upon the producing Party.  Either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)    Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party), including any associates or analysts and support personnel for the experts or consultants working under the supervision of the expert or consultant, retained for the purpose of assisting in this Action, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services within the last four years and a brief description of the subject matter of the consultancy or employment, at least five (5) business days

before access to the Protected Material is to be given to that consultant to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.   The Parties shall promptly confer and use good faith efforts to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within five (5) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.   The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, interpreter, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action who have signed the Undertaking attached as Exhibit A.

(g)     The Court and its personnel.

(h)     Mock jurors who have signed the Undertaking attached as Exhibit A agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.

(i)     Any other person with the prior written consent of the producing Party or by order of this Court, and who has signed the Undertaking.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material should be protected from public disclosure because such information contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably

believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order. **[XILINX: Disclosure of DESIGNATED MATERIALS shall be subject to all applicable laws and regulations relating to the export of technical data contained in such DESIGNATED MATERIALS including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving DESIGNATED MATERIALS shall comply with all applicable export control statutes and regulations.]**

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes source code (*i.e.*, a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other

7

translator; **[XILINX: chip-level schematics including electronic drawings and symbolic representations that define or depict digital or analog electrical circuits within integrated circuit chips;]** and live data as it exists residing in a database or databases) ("Source Code"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

9.     For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h); provided, however, that the producing Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

10.    The recipient of any CONFIDENTIAL Protected Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Protected Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such Discovery Material in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use and/or dissemination of such Protected Material.  The recipient of CONFIDENTIAL Protected Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Protected Material produced in electronic form shall maintain such CONFIDENTIAL Protected Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Protected Material on a secure, password-protected computer, drive, or server with access restricted to persons authorized under Paragraphs 5 and 9, respectively.

11.    For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code shall be provided using one secure review computer, in a secured room, provided by the producing Party, where the Source Code production applicable to each of the above-captioned cases is accessible from the review computer. If a Party's Source Code is provided on the review computer, the review computer shall be a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet) equipped with two display screens or monitors of a size of at least twenty-two (22) inches, a full-size keyboard, and a mouse. The review computer shall, at the receiving Party's request, include reasonable analysis tools or programs. The receiving Party shall be responsible for providing tools or licenses to tools that it wished to use so that the producing Party may install such tools on the review computer. Additionally, except as provided in paragraph 11 (k) below, the review computer will be located at the Delaware office of the producing Party's outside counsel of record or as otherwise agreed. Should the need arise due to a public health emergency, state, local, or national social distancing restrictions or travel restrictions, which hinder the Source Code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the review computer available in a location that would allow Source Code review to occur (*e.g.*, at producing Party's office or producing Party's outside counsel's office near the receiving Party's expert).

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the review computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time, Monday-Friday,

excluding holidays.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the review computer outside of normal business hours. Requests for access shall be made five (5) business-days' notice for the initial inspection of the Source Code.  Any single inspection may span multiple days based on the same notice.  The Parties shall cooperate in good faith such that maintaining the producing Party's Source Code at the offices of its outside counsel of record shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)     The producing Party shall provide the receiving Party with reasonable assistance in starting or logging on to the review computer in order to access the produced Source Code on the review computer.

(d)     The producing Party will produce Source Code in computer searchable format on the review computer as described above. The producing Party shall install tools that are sufficient to allow the receiving Party to review and search the Source Code. The receiving Party may request that additional commercially available software tool(s) be installed on the review computer, providing that the receiving Party shall provide (at the receiving Party's cost) a licensed copy of the tool(s) to the producing Party at least five (5) business days in advance of the inspection.  The producing Party shall not install any keystroke or other monitoring software on any review computer.

(e)     Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to outside counsel of record and up to three (3)

outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above provided such persons have signed the Undertaking attached as Exhibit A hereto.  The receiving Party shall identify any individual who will be given access to the Source Code at least five (5) business days prior to the first time any such individual is given access to the Source Code, and, during that five (5) business day period, the producing Party may object to providing access to any persons so identified.  If the producing Party objects to the proposed disclosure to such individual within five (5) business days of the disclosure, the Parties shall meet and confer in good faith within three (3) business days to resolve the concerns giving rise to the objection.  If the Parties are unable to reach agreement regarding such disclosure, the objecting Party will have five (5) business days from the date of the meet and confer to seek relief from the Court.  The burden shall be on the objecting Party to demonstrate to the Court why such individual should not be permitted to receive "HIGHLY CONFIDENTIAL – SOURCE CODE" materials under this Protective Order. "HIGHLY CONFIDENTIAL – SOURCE CODE" materials shall not be disclosed to such individual pending the Court's resolution of the dispute.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. The foregoing time periods may be extended or shortened by agreement of the

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's staff and other support personnel, working at the direction of such outside consultant or expert, and as such, the disclosure to a consultant or expert's staff and other support persons shall count as a disclosure to a single consultant or expert.

Parties or by order of this Court.

(f)     No electronic devices shall be permitted in the secure room, including but not limited to laptops, floppy drives, USB drives, zip drives, cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, or telephone jacks.  Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room.  During review of HIGHLY CONFIDENTIAL – SOURCE CODE, the receiving Party (including its consultants and experts) may take handwritten notes **[WSOU: relating to HIGHLY CONFIDENTIAL – SOURCE CODE.  All handwritten notes must be taken on consecutively numbered permanently bound notebooks that are clearly labeled on their cover(s) as "HIGHLY CONFIDENTIAL – CONTAINS SOURCE CODE FILE NAMES, FUNCTION NAMES, VARIABLE NAMES, AND/OR DESCRIPTIONS" ("Review Notebooks").  Any notes taken during review of Source Code in a Review Notebook may not copy any portion of the Source Code, except for Source Code file names, function names, or variable names.]  [XILINX: identifying the portions of the Source Code for which the receiving Party may request printouts under Paragraph 11(j) below.  All handwritten notes must be taken on consecutively numbered permanently bound notebook pages with the notebook clearly labeled on its cover as "HIGHLY CONFIDENTIAL – SOURCE CODE."  Any notes taken during review of Source Code may not copy any portion of the Source Code.]**  No copies of all or any portion of the HIGHLY CONFIDENTIAL – SOURCE CODE may leave the room in which the HIGHLY CONFIDENTIAL

12

– SOURCE CODE is inspected except as otherwise provided herein.  Further, no other written or electronic record of the HIGHLY  CONFIDENTIAL – SOURCE CODE is permitted except as otherwise provided herein.

(g)     A receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (collectively,  "Source  Code  Documents"),  provided  that  the  Source  Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(h)     To  the  extent  portions  of  Source  Code  are  quoted  in  a  Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted  Source Code  will  be  separately  stamped  and  treated  as  HIGHLY  CONFIDENTIAL – SOURCE CODE.

(i)     No electronic copies of Source Code shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

(j)     The receiving Party may request paper copies of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  Any print request that consists of more than twenty (20) continuous pages of HIGHLY CONFIDENTIAL – SOURCE CODE materials shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy.  The receiving

Party may request printing of no more than **[WSOU: five hundred (500)]** **[XILINX: one hundred (100)]** pages total of HIGHLY CONFIDENTIAL – SOURCE CODE materials **[WSOU: for each of the five above-captioned cases]** **[XILINX: for all of the above-captioned cases (e.g., no more than 100 pages)]**, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."  These printing limitations are subject to further agreement between the parties or order of the Court.  In such circumstances, the burden shall be on the Receiving Party to demonstrate the need for more than the printing limitation above.

(k) If the receiving Party's outside counsel of record, consultants, or experts obtain printouts of Source Code, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert.   The receiving Party may also temporarily keep the printouts at: (i) the Court for any proceeding(s) relating to the Source Code, for the dates associated with the proceeding(s) and (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s).  For depositions involving Source Code, the receiving Party shall not bring copies of any printed Source Code, other than a set of paper copies for the examining attorney's individual use during the deposition.  Rather, the receiving Party shall give, at least five (5) business days prior to a deposition, notice to the producing Party to make available electronic copies of the Source Code printouts at the deposition of a witness who would otherwise be permitted access to the Source Code.   In response to said notice, the producing Party shall provide

electronic copies of the Source Code printouts.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All papers copies of Source Code brought to the deposition, except the examining attorney's aforementioned individual set of paper copies, which may contain attorney work product, shall be returned to the producing Party and securely destroyed in a timely manner following the deposition.

(l)     A producing Party's Source Code may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(d) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(j) above and is at all times subject to the transport restrictions set forth herein.  For those purposes only, the Source Code may be stored on a review computer.  The producing Party shall, on request, make the review computer containing the Source Code, or a secure laptop computer containing the Source Code, available at depositions of witnesses who would otherwise be permitted access to the review computer.  The receiving Party shall make such requests ten (10) calendar days before the deposition.  A producing Party shall make reasonable efforts to comply with such a request made less than ten (10) calendar days before a deposition,

provided the request is made in good faith and could not reasonably under the circumstances have been made sooner.

(m)     The receiving Party shall maintain a record of any individual who has inspected any portion of the producing Party's Source Code in electronic or paper form.  And the receiving Party, in cooperation with the producing Party, shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The producing Party shall be entitled to have a person periodically visually observe the activities of the receiving Party's representatives during any such review, but only to reasonably ensure that such activities are permitted under this Protective Order, and to receive a copy of the log.  The producing Party shall not, however, be allowed to monitor the conduct of the receiving Party in such a manner as to obtain information that would otherwise be protected from disclosure by the receiving Party's claim of attorney-client privilege, the work product immunity, or any other privilege, doctrine, right, or immunity.

12.     Any individual, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated HIGHLY   CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY   or   HIGHLY CONFIDENTIAL – SOURCE CODE and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any

patent application pertaining to the **[WSOU: field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and] [XILINX: products designed, developed, or sold by the other Party]** for one (1) year after its conclusion, including any appeals or two (2) years after such person last reviewed the HIGHLY SENSITIVE MATERIAL, whichever is earlier.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims during the original prosecution of a patent or during any post-grant proceedings.  However, these prohibitions shall not preclude a Party's litigation counsel from participating in any inter partes review, CBM, or post-grant review proceedings, provided that the proceeding is not initiated by the patent holder itself for any of its own patents and so long as the individual has no involvement in and does not advise regarding drafting, editing, approving, or amending any claims.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the **[WSOU: field of the invention of the patents-in-suit] [XILINX: products designed, developed, or sold by the other Party]**.

13.    Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant to Federal Rule of Evidence 502(d), if documents, information or other material subject to a claim of

attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity may  obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The recipient(s) shall immediately gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by  the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information.  If any such inadvertently produced material has been used in any other document generated in connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed.  The producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents.  The receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion

disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.  Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.  To the extent that a receiving Party receives information or items from a producing Party that the receiving Party believes may have been inadvertently disclosed, the receiving Party shall inform the producing Party and suspend review of such information or items for five (5) business days subject to the producing Party's response.

14.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

15.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside

counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," [or] "HIGHLY CONFIDENTIAL – SOURCE CODE" **[WSOU: or "HIGHLY CONFIDENTIAL – CONTAINS SOURCE CODE FILES NAMES, FUNCTION NAMES, VARIABLE NAMES, AND/OR DESCRIPTIONS"]** pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.".

17.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed in accordance with the Court's rules and practices governing the filing of sealed documents and shall indicate prominently on the face of the document "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" or "FILED UNDER SEAL" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform to the labeling requirements set forth in this Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall

be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.   If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Exhibit A.

21.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," [or] "HIGHLY CONFIDENTIAL – SOURCE CODE" **[WSOU: or "HIGHLY CONFIDENTIAL – CONTAINS SOURCE CODE FILES NAMES, FUNCTION NAMES, VARIABLE NAMES, AND/OR DESCRIPTIONS"]** any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

23.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Within ninety (90) days of final disposition of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the

Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed, except that each  outside counsel of record may retain one (1) archival copy of all papers filed with or otherwise provided to the Court, expert reports, discovery requests and responses, transcripts of testimony and exhibits, correspondence, mediation briefs, and their own work product containing such discovery material, and provided that such outside counsel of record and their respective employees shall not disclose the Protected Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order, and shall maintain the safeguards set forth herein.  And outside counsel of record for each party may retain duplicate copies of e-mail correspondence.  The receiving Party shall verify the return or destruction in writing, upon the producing Party's request.  Nothing in this order requires a Party to destroy any information it is required by law to retain.  The Parties shall not be required to delete information that may reside on electronic back-up systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible.  However, the Parties and their counsel shall not retrieve, access, nor use any DESIGNATED MATERIAL from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

24.    The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing

thereof, all such objections being hereby preserved.

25.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.   Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

29.   This Order may also be amended by the agreement of the Parties in the form of a written Stipulated Amended Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.   The Court retains the right to allow disclosure of any subject or any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," [or] "HIGHLY CONFIDENTIAL – SOURCE CODE," **[WSOU: or "HIGHLY**

**CONFIDENTIAL – CONTAINS SOURCE CODE FILES NAMES, FUNCTION NAMES, VARIABLE NAMES, AND/OR DESCRIPTIONS,"]** covered by this Protective Order to modify or vacate this Protective Order at any time in the interest of justice.

30.     Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

31.     Each person who receives DESIGNATED MATERIAL agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

32.     Neither the termination of this Action nor the termination of employment of any person with access to any DESIGNATED MATERIAL shall relieve any individual from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order.  The Court shall retain jurisdiction to enforce the terms of the Protective Order after final termination of this Action.

Dated: _____, 2021

DEVLIN LAW FIRM LLC

/s/ _____
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: (302) 449-9010
Fax: (302) 353-4251
jlennon@devlinlawfirm.com

OF COUNSEL:

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John W. Downing
Heather S. Kim
Jack Shaw
ThucMinh Nguyen
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
(650) 453-5170
 jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
jshaw@kasowitz.com
tnguyen@kasowitz.com

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
(404) 260-6080
pwilliams@kasowitz.com

*Attorneys for Plaintiff*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ _____
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
(302) 571-6600
agaza@ycst.com
rvrna@ycst.com
bswadley@ycst.com

OF COUNSEL:

Hilda C. Galvan
Christopher A. Buxton
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-4556
hcgalvan@jonesday.com
cbuxton@jonesday.com

David B. Cochran
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-7029
dcochran@jonesday.com

Thomas W. Ritchie
JONES DAY
77 West Wacker Dr.
Chicago, IL 60601-1692
(312) 269-4003
twritchie@jonesday.com

Stephanie M. Mishaga
JONES DAY
4655 Executive Dr., Suite 1500
San Diego, CA 92121-3134

(858) 703-3140
smishaga@jonesday.com

*Attorneys for Xilinx, Inc.*

**SO ORDERED** this _____ day of _____, 2021.

_____
The Honorable Jennifer L. Hall

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | ) ) ) ) | C.A. No. 20-cv-01228-CFC-JLH |
| | ) | C.A. No. 20-cv-01229-CFC-JLH |
| Plaintiff, | ) | C.A. No. 20-cv-01231-CFC-JLH |
| | ) | C.A. No. 20-cv-01232-CFC-JLH |
| v. | ) | C.A. No. 20-cv-01233-CFC-JLH |
| | ) | |
| XILINX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the District of Delaware on _____[date] in the

case of *WSOU Investments LLC d/b/a Brazos Licensing and Development v. Xilinx, Inc.*, Case Nos.

1:20-cv-01228-CFC-JLH, 1:20-cv-01229-CFC-JLH, 1:20-cv-01231-CFC-JLH, 1:20-cv-01232-

CFC-JLH, and 1:20-cv-01233-CFC-JLH (collectively, the "Litigation").  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will hold in confidence and not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order  I will use any information disclosed to me and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,' or "HIGHLY CONFIDENTIAL – SOURCE CODE" solely for purposes of this Litigation.

Promptly upon termination of this Litigation, I will return or destroy all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed and/or by whom I was retained.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# EXHIBIT B

| Outstanding Disputes | Protective Order Paragraph(s) |
|---|---|
| 1. Source Code | |
| a) Source Code Designations | 1, 3, 4, 11(f), 16, 22, 29 |
| b) Definition of Source Code | 8 |
| c) Printed Copies of Source Code | 11(j) |
| d) Note Taking Procedure for Source Code Review | 11(f) |
| e) Deposition Procedure for Source Code | 11(k) |
| 2. Prosecution Bar Scope | 12 |
| 3. Export Control Provisions | 7 |

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANALOG DEVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-2225 (RGA) |
| | ) | |
| XILINX, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| XILINX, INC. and | ) | |
| XILINX ASIA PACIFIC PTE. LTD., | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANALOG DEVICES, INC | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## **STIPULATED PROTECTIVE ORDER**

Disclosure and discovery in this action (the "Litigation") are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## **DEFINITIONS**

1.      "Affiliate" means any Third Party that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with a Party to this Litigation.

2.      "Asserted ADI Patents" means United States Patent Nos. 7,719,452; 7,663,518; 6,900,750; 10,250,250; 7,274,321; 7,012,463; 8,487,659; 7,286,075; and/or any other patent asserted by ADI in this action.

3.      "Asserted Xilinx Patents" means United States Patent Nos. 6,975,132; 7,015,838; 7,088,767; 7,116,251; 7,187,709; 7,224,184; 7,280,590; 8,548,071; and/or any other patent that Xilinx asserts in this action.

4.      "CONFIDENTIAL" means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c); and includes confidential and proprietary information about a Third Party, including parents, subsidiaries, and/or other Affiliates.

5.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" means highly sensitive information, disclosure of which to another Party or Third Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6.      "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES" means confidential or proprietary (1) source code and (2) native circuit design files, disclosure of which to another Party or Third Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

7.      "CONFIDENTIAL Discovery Material" means Discovery Material a Producing Party designates as CONFIDENTIAL pursuant to the terms of this Protective Order.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material" means Discovery Material a Producing Party designates as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order.  "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material" means Discovery Material a Producing Party designates as "HIGHLY

CONFIDENTIAL – SOURCE CODE/DESIGN FILES" pursuant to the terms of this Protective Order.

8.     "Discovery Material" means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Litigation, including responses to requests for production of documents and/or things, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, including Third Party discovery pursuant to Rule 45, matters in evidence, and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Litigation.  This Protective Order and protections herein shall apply to all Discovery Material.

9.     "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Litigation who has been retained by a Party or its In-House Counsel or Outside Counsel to serve as an expert witness or as a consultant in this Litigation who, at the time of retention, is not an officer, director, or employee of a Party or an Affiliate and is not anticipated to become an officer, director, or employee of a Party or an Affiliate.  Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

10.    "Outside Counsel" means any attorney from a law firm that has made a formal appearance as counsel of record for a Party in this Litigation and who is not an employee of a Party or of an Affiliate.

11.     "In-House Counsel" means attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel.

12.     "Party" means a party to this Litigation.

13.     "Producing Party" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Litigation.

14.     "Professional Vendor(s)" means persons or entities that provide litigation support services (e.g., photocopying, audio or video recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15.     "Protective Order" means this Stipulated Protective Order.

16.     "Protected Material" means any Discovery Material that is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES.

17.     "Receiving Party" means any Party that receives Discovery Material produced or otherwise disclosed by any Producing Party.

18.     "Third Party" means a person or entity that is not a Party.

## **DESIGNATION**

19.     Any Producing Party may designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES in accordance with this Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES information, respectively, as defined in Paragraphs 4, 5, and 6.

20.    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings and documents filed with a legend pursuant to Paragraph 24), designation in conformity with this Protective Order requires that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES" to each page that contains Protected Material, or, if not practicable, as otherwise agreed by the Parties.

21.    A Party or Third Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES" if the material comprises or includes confidential or proprietary (1) source code or (2) native design files.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES") to each page that contains Protected Material, or, if not practicable, as otherwise agreed by the Parties.  There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Discovery Material before it is copied and marked pursuant to this Protective Order. Inspection of Discovery Material by any Party shall be conducted by persons eligible to access such Discovery Material under Paragraph 31 or Paragraph 36 below however, access shall be limited

under Paragraph 36(a) to up to ten (10) of the Receiving Party's Outside Counsel who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A.

22.     Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is subject to the attorney-client privilege, to work-product protection, or to any other applicable privilege or protection.  Each such redaction, regardless of size, shall be clearly labeled "Redacted – Privileged."  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.  All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log stating the basis for such redaction, pursuant to Fed. R. Civ. P. 26(b)(5), except that the Parties shall not be required to provide a privilege log for any privileged communications or work product created after December 5, 2019.

23.     Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30 shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for thirty (30) days (as calculated by Fed. R. Civ. P. 6) following receipt of the final transcript by Outside Counsel for the Producing Party, but not thereafter unless, before the thirty (30) day period has expired, Outside Counsel for the Producing Party notifies Outside Counsel for the Receiving Party in writing that the Discovery Material set forth in the transcript is CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES.  Counsel for any Party or Third Party also may designate the transcript or portions thereof to be CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material during the deposition.  The appropriate legend described in Paragraph 19 shall be placed on the front of any deposition transcript (and, if recorded, any copies

6

of the recording) containing CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material.

24.     Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material shall be filed under seal pursuant to the requirements of D. Del. LR 5.1.3 and the Court's CM/ECF procedures.  The filing Party must include on the cover page of the brief or other filing a descriptive legend in substantially the following format: "CONFIDENTIAL – FILED UNDER SEAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – FILED UNDER SEAL," "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES – FILED UNDER SEAL," or another suitable legend.  Outside Counsel for the Party filing papers containing, describing, or discussing CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with Paragraph (G)(l) of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means, revised May 2019.  If the filing contains the CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material of the Party who did not file the document, within three (3) days from the date of a filing made under seal, Outside Counsel for the filing Party or filing Third Party shall deliver to Outside Counsel for the non-filing Party or Parties a proposed public

version of the under seal filing, which shall include the filing Party's proposed redactions of any CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material. Within three (3) days after receipt of the proposed public version, Outside Counsel for the non-filing Party shall provide any additional redactions it believes appropriate. Redacted versions of papers filed under seal may be made publicly available, provided that (a) all CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material is redacted; and (b) such redacted versions are clearly marked "Public Version" and clearly identify each place where information or exhibits have been redacted or deleted.

## **USE**

25.     CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, and HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material (discussed below) produced by a Party or Third Party may be used by the Receiving Party only for purposes of this Litigation. Such Discovery Material shall not be used for any other purpose including, but not limited to, any other lawsuit, patent office proceeding, any unrelated dispute resolution proceeding, in the preparation or prosecution of any patent or patent application, any petitioning, counseling, litigation, or other work. Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Discovery Material, including CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material, for purposes other than this Litigation.

26.     A witness may be shown CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material only if the witness is a current employee of the Producing Party, or the CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material itself or other Discovery Materials reveal that the witness authored the CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or received the CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material in the ordinary course of business and outside the context of this Litigation.

27.     At the deposition of any corporate representative designated pursuant to Fed. R. Civ. P. 30(b)(6) to testify on behalf of a Party on a particular topic or subject area, unless agreed to by the Producing Party, such witness may be shown CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material that is within that particular topic or subject area only if the Producing Party is the Party being deposed pursuant to Fed. R. Civ. P. 30(b)(6), or the CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material within that particular topic or subject area reveals on its face that an employee or agent of the Party being deposed pursuant to Fed. R. Civ. P. 30(b)(6) authored the CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material while employed or acting as an agent of the Party being deposed, or received the CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material in the ordinary course of business while employed or acting as an agent of the Party being deposed and outside the context of this Litigation.

28.     Third Parties may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY deposition transcripts of their witnesses and any Discovery Material they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as the Parties, and any such CONFIDENTIAL Discovery Material and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material shall be treated by the Parties in the same manner as the CONFIDENTIAL Discovery Material and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material produced by a Party.  Third Parties shall have the same rights and obligations under this Protective Order as Parties and may move the Court to enforce the provisions of this Protective Order.

29.     <u>Export Requirements</u>. The Receiving Party will not use or export any technical information in violation of U.S. export laws and regulations.  Each party shall adhere to all applicable export laws and regulations, including those administered by the U.S. Department of Commerce (U.S. Export Administration Regulations 15 CFR 730 et seq.), and shall not export, re-export, resell, transfer, or disclose, directly or indirectly, any technical data or products received from the other to any proscribed person, entity, or country, or foreign national thereof, unless properly authorized by the U.S. or other applicable government.  Xilinx's and Analog's software programs and technical information may not be exported or re-exported, either directly or indirectly, to the U.S. embargoed destinations or entities of Cuba, Iran, North Korea, Sudan and Syria or to persons/entities on the Denied Persons List, Unverified List, Entity List, Specially Designated Nationals List and the Debarred List, without prior written authorization from the appropriate U.S. government departments (Commerce, State Department, Treasury).

## DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL

30.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, CONFIDENTIAL Discovery Material may be disclosed by the Receiving Party only to the following persons:

(a)     Up to three In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Litigation.  For the avoidance of doubt, Xilinx Inc. and Xilinx Asia Pacific Pte. Ltd. may collectively select up to three In-House Counsel for purposes of this Paragraph;

(b)     Any Outside Counsel;

(c)     Support personnel for attorneys listed in Paragraph 30(b), such as law clerks, analysts, scientific advisors, patent agents, paralegals, secretaries, and clerical staff employed by Outside Counsel, assisting with this Litigation under the supervision of an attorney described in Paragraph 30(b);

(d)     Contract attorneys retained by a Party's Outside Counsel for the sole purpose of assisting with document review in this Litigation, and who shall be subject to the same restrictions as Outside Counsel set forth in Paragraph 30(b);

(e)     Any Expert who is expressly retained by any Outside Counsel to assist in this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure of CONFIDENTIAL Discovery Material only to the extent necessary to perform such work, provided that the Expert, and the associates and analysts working under the supervision of the Expert, have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A and the procedures set forth in Paragraph 33 have been followed;

    (f)     Support personnel for Experts listed in Paragraph 30(e), such as secretaries and clerical staff, assisting with this Litigation under the supervision of an Expert described in Paragraph 30(e) and who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A;

    (g)     Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation;

    (h)     Professional Vendors, as defined in Paragraph 14, who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A;

    (i)     Professional jury or trial consulting personnel who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A;

    (j)     Mock jurors who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A;

    (k)     Personnel of the Court and all appropriate courts of appellate jurisdiction; and

    (l)     Any other person with the prior written consent of the Producing Party or by order of this Court, and who has signed the "Declaration to be Bound by Protective Order" attached as Exhibit A.

31.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material may be disclosed by the Receiving Party only to the following persons:

    (a)     Any Outside Counsel;

(b)    Support personnel for attorneys listed in Paragraph 31(a), such as law clerks, analysts, scientific advisors, patent agents, paralegals, secretaries, and clerical staff employed by Outside Counsel, assisting with this Litigation under the supervision of an attorney described in Paragraph 31(a);

(c)    Contract attorneys retained by a Party's Outside Counsel for the sole purpose of assisting with document review in this Litigation, and who shall be subject to the same restrictions as Outside Counsel set forth in Paragraph 31(a);

(d)    Any Expert who is expressly retained by any Outside Counsel to assist in this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material only to the extent necessary to perform such work, provided that the Expert, and the associates and analysts working under the supervision of the Expert, have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A and the procedures set forth in Paragraph 33 have been followed;

(e)    Support personnel for Experts listed in Paragraph 31(e), such as secretaries and clerical staff, assisting with this Litigation under the supervision of an Expert described in Paragraph 31(d) and who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A;

(f)    Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation;

(g)      Professional Vendors, as defined in Paragraph 14, who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A;

(h)      Personnel of the Court and all appropriate courts of appellate jurisdiction; and

(i)      Any other person with the prior written consent of the Producing Party or by order of this Court, and who has signed the "Declaration to be Bound by Protective Order" attached as Exhibit A.

32.      CONFIDENTIAL Discovery Material and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material shall not be disclosed to persons described in Paragraph 30(e), (f), (h), (i), (j), or (l), or Paragraph 31(d), (e), (g), or (i), unless and until such person has executed an acknowledgement in the form attached as Exhibit A. Either Outside Counsel or In-House Counsel must maintain a copy of the executed Exhibit A for each such person during the Litigation and for one (1) year thereafter.

33.      As a condition precedent to disclosure of any CONFIDENTIAL Discovery Materials or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Materials to an Expert, and any associates or analysts working under the supervision of the Expert, described above in Paragraphs 30(e) and 31(d), at least seven (7) days (as calculated by Fed. R. Civ. P. 6) before the disclosure of the CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material is made, Outside Counsel for the Receiving Party shall serve a notice on the Producing Party identifying such Expert, associate, and/or analyst by name and including an up-to-date curriculum vitae ("CV") or equivalent resume disclosing the individual's employment history, past or present relationship with any of the Parties and Affiliates, an identification of the individual's employment and consulting relationships for the past five (5)

years (to the extent such information is not disclosed on the individual's curriculum vitae),[1] all cases in which the individual has testified in a deposition or a trial in the past five (5) years, an indication of whether Outside Counsel for the Receiving Party intends to show the individual "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES" Discovery Material pursuant to Paragraph 36(c), and an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. If a Producing Party objects to the proposed disclosure to such individual within seven (7) days of disclosure, the Parties shall confer in good faith within three (3) days to resolve the concerns giving rise to the objection. If the Parties are unable to reach agreement regarding such disclosure, the objecting Party will have seven (7) days from the date of the meet and confer to seek relief from the Court. The burden shall be on the objecting Party to demonstrate to the Court why such individual should not be permitted to receive CONFIDENTIAL Discovery Material and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material under the Protective Order. CONFIDENTIAL Discovery Material and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material shall not be disclosed to such individual pending the Court's resolution of the dispute. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. The foregoing time periods may be extended or shortened by agreement of the Parties or by order of this Court.

34.     The recipient of any CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such Discovery

---

[1] If the individual believes any of this information is subject to a confidentiality obligation to a Third Party, then the individual should provide whatever information the individual believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the individual should notify the other Party that information has been withheld and shall be available to meet and confer regarding such information.

Material in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such Discovery Material. The recipient of CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material produced in electronic form shall maintain such CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material on a secure, password-protected computer, drive, or server with access restricted to persons authorized under Paragraphs 30 and 31, respectively.

### SOURCE CODE/DESIGN FILES

35.     To the extent production of source code or native circuit design files becomes necessary in this case, a Producing Party may designate source code and native circuit design files as "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES" if it comprises or includes confidential or proprietary (1) source code or (2) native circuit design files.

36.     Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" Discovery Material and may be disclosed only to the following persons:

> (a)     The Receiving Party's Outside Counsel who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A, except that no more than twenty (20) of the Receiving Party's Outside Counsel may review source code and native circuit design files made available for inspection by the Producing Party, including paper copies of such source code and native circuit design files provided pursuant to Paragraph 40 of this Protective Order, and the parties shall meet and confer should either Party request that

more than twenty (20) of the Party's Outside Counsel be allowed to perform such review;

(b)      Support personnel for attorneys listed in Paragraph 36(a), such as law clerks, paralegals, secretaries, and clerical staff, assisting with this Litigation under the supervision of an attorney described in Paragraph 36(a), with disclosure of HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material only to the extent necessary to perform such work;

(c)      Up to fifteen (15) Experts who are expressly retained by the Receiving Party's Outside Counsel to assist in this Litigation, including any associates or analysts working under the supervision of the Experts, with disclosure of HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material only to the extent necessary to perform such work, provided that the Experts, and the associates and analysts working under the supervision of the Experts, have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A and the procedures set forth in Paragraph 33 have been followed.

(d)      Support personnel for Experts described in Paragraph 36(c), such as secretaries and clerical staff, assisting with this Litigation under the supervision of an Expert described in Paragraph 36(c), with disclosure of HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material only to the extent necessary to perform such work and who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A;

    (e)    Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation;

    (f)    Personnel of the Court and all appropriate courts of appellate jurisdiction; and

    (g)    Any other person with the prior written consent of the Producing Party or by order of this Court, and who has signed the "Declaration to be Bound by Protective Order" attached as Exhibit A.

37.    The Receiving Party shall identify any individual who will be given access to the source code or native circuit design files pursuant to subsections 36(b), (c), (d), or (g) at least seven (7) days prior to the first time any such individual is given access to the source code or native circuit design files, and, during that seven (7) day period, the Producing Party may object to providing access to any persons so identified.  If a Producing Party objects to the proposed disclosure to such individual within seven (7) days of disclosure, the Parties shall confer in good faith within three (3) days to resolve the concerns giving rise to the objection.  If the Parties are unable to reach agreement regarding such disclosure, the objecting Party will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The burden shall be on the objecting Party to demonstrate to the Court why such individual should not be permitted to receive HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material under the Protective Order.  HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material shall not be disclosed to such individual pending the Court's resolution of the dispute.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  The foregoing time periods may be extended or shortened by agreement of the Parties or by order of this Court.

38.     Any source code and native circuit design files produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 a.m. to 5:00 p.m. local time, Monday – Friday, excluding holidays) or at other mutually agreeable times, at the following location(s), or another mutually agreed-upon location: ADI's source code and native circuit design files: Wilmer Hale's Los Angeles, California office; and Xilinx's source code and native circuit design files: Morrison & Foerster's Boston, Massachusetts office.  The source code and native circuit design files shall be made available upon three (3) business days' notice (and other days and/or times upon reasonable request).  The source code and native circuit design files shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code and native circuit design files in any way, including copying by handwriting or onto any recordable media or recordable device, except as explicitly allowed.  The Receiving Party is prohibited from bringing recordable media or electronic devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, into the secured room.

39.     The secured computer shall have the necessary technology and software to allow for proper viewing, analysis, comparing, and searching of the source code and native circuit design files. The Producing Party shall also provide a list of the directories and files made available for review on the secured computer.  The directories and files on the secured computer shall also match the manner in which the directories and files are stored in the ordinary course of business by the Producing Party.  If requested by the Receiving Party, the Producing Party shall load any reasonable software analysis tools provided by the Receiving Party.  The Receiving Party is responsible for complying

19

with any licensing terms for such software analysis and forensic tools, including paying for any third-party costs or fees associated with providing those tools. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review of source code and native circuit design files, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code or native circuit design files.

40.     The Receiving Party may request paper copies of source code and native circuit design files that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. Any print request that consists of more than twenty (20) continuous pages of HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. Analog may request printing of no more than two hundred pages total of HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material for each product accused of infringement and Xilinx may request printing of no more than one hundred pages total of HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material for each product accused of infringement, subject to further agreement between the Producing Party and Receiving Party or order by the Court. In such circumstances the burden shall be on the Receiving Party to demonstrate the need for more than the printing limitation above. The Producing Party shall provide all such source code and native circuit design files in paper form on watermarked paper including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES."

41.     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Producing Party's source code and native circuit design files in electronic or paper form. Outside Counsel for the Receiving Party shall maintain all paper copies of any printed

portions of the source code and native circuit design files in a secured, locked area. The Receiving Party shall not create any copy without the Producing Party's consent, including handwritten, electronic, or other images of the paper copies, and shall not convert any of the information contained in the paper copies into any electronic format.

42.     Notwithstanding the foregoing, an Expert reviewing the source code and/or native circuit design files may make handwritten notes identifying the portions of the source code and/or native circuit design files for which the Receiving Party may request paper copies under Paragraph 40 above.

43.     At the deposition of any fact witness, unless agreed to by the Producing Party, such witness may be shown HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material only if the HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material itself or other Discovery Materials reveal that the witness authored the source code or native circuit design files or previously reviewed the source code or native circuit design files in the ordinary course of business and outside the context of this Litigation. At the deposition of any corporate representative designated pursuant to Fed. R. Civ. P. 30(b)(6) to testify on behalf of a Party on a particular topic or subject area, unless agreed to by the Producing Party, such witness may be shown HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material only if the Producing Party is the Party being deposed pursuant to Fed. R. Civ. P. 30(b)(6) and the witness has been designated to testify on source code and/or native circuit design files issues.

44.     For depositions involving source code and/or native circuit design files, the Receiving Party shall not bring copies of any printed source code and/or native circuit design files. Rather, at least seven (7) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of source code and/or native circuit design files it wishes to use at

the deposition, and (subject to any objections) the Producing Party shall either provide the relevant source code and/or native circuit design files on a secure computer for use at the deposition or (solely at the Producing Party's election) bring printed copies of those portions to the deposition for use by the Receiving Party. Copies of source code and native circuit design files that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of source code and native circuit design files brought to the deposition shall be returned to the Producing Party and securely destroyed in a timely manner following the deposition.

45.     Nothing in this Protective Order shall be construed as a representation or admission that source code and native circuit design files are properly discoverable in this action or to obligate any Party to produce any source code or native circuit design files. The source code and native circuit design files provisions included herein are the minimum restrictions on the production of source code and native circuit design files and are without waiver to the inclusion of additional limitations once the scope of discovery into source code and native circuit design files is clarified.

## **PROSECUTION BAR**

46.     Absent written consent from the Producing Party, any individual who reviews or accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material or "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES" Discovery Material of another Party shall not be involved directly or indirectly (including communicating or advising) in the prosecution of patents or patent applications directed to each Party's confidential and proprietary analog-to-digital converter technology or SerDes technology disclosed in the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material that the individual

reviewed or accessed, not including information that is publicly available at the time of prosecution. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims during the original prosecution of a patent or during any post-grant proceedings. To avoid any doubt, "prosecution," as used in this paragraph, does not include representing a Party or Third Party in opposition, *inter partes* review, or other post-grant proceedings before the United States Patent and Trademark Office or any foreign patent-granting authority, except that all persons who review or access HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material are prohibited from (1) drafting, supervising the drafting of, or providing advice regarding the drafting of, new or amended claims in any such proceedings, and (2) providing (verbally or in tangible form, in whole or in part) such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material received under this Order to any person involved in such tasks. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material or "HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES" Discovery Material is first reviewed or accessed by the affected individual and shall end two (2) years after final termination of this Litigation, including all appeals.

47. The above prosecution bar shall not apply to the review or access of Discovery Material that is produced without a confidentiality designation or is designated "CONFIDENTIAL." In the event an individual reviews or accesses Discovery Material that is produced without a confidentiality designation or is designated "CONFIDENTIAL," and that Discovery Material is later designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material or

"HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES," the above prosecution bar shall not apply to the review or access of such Discovery Material, provided that the individual return or securely destroy such Discovery Material.

### **DISCOVERY FROM EXPERTS OR CONSULTANTS**

48.    Documents prepared by testifying and consulting experts under the direction of attorneys pertaining to this Litigation or anticipated litigation between the Parties, including drafts of reports, drafts of declarations, notes, and written analyses, shall not be subject to discovery.

49.    Discovery of materials provided by attorneys to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, deposition, and/or trial testimony or any opinion in this Litigation.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided materials, facts, opinions, or other information to a testifying expert that are relied upon by that testifying expert in forming his or her final report(s), deposition, and/or trial testimony or any opinion in this Litigation.

50.    No communications or conversations between attorneys and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in his or her final report(s), deposition, and/or trial testimony in this Litigation.

51.    Materials, communications, documents, and other information exempt from discovery under Paragraphs 48 – 50 above shall be treated as attorney work product for the purposes of this Litigation and Protective Order.

## EXEMPTED MATERIALS AND OBJECTION TO DESIGNATIONS

52.     Any Receiving Party may object to the designation by the Producing Party of any Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES.  The process for making an objection to the designation of Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES and for resolving the dispute shall be as follows:

(a)     Outside Counsel for the Receiving Party shall notify Outside Counsel for the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material, as well as the reasons for the objection.

(b)     Outside Counsel for the Receiving Party shall thereafter have the burden of promptly conferring either in person or by telephone with Outside Counsel for the Producing Party claiming protection (as well as any other interested Third Party) in a good-faith effort to resolve the dispute.

(c)     Failing agreement, the Receiving Party may apply to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such a designation.  The Receiving Party bears the burden to establish that the Discovery Material is not CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE

CODE/DESIGN FILES, as defined in Paragraphs 4, 5, and 6, and not entitled to such protection under this Protective Order.

53. Discovery Material is not properly designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES under Paragraphs 4, 5, and 6 if it has/had been:

    (a)    Available to the public at the time of its production hereunder;

    (b)    Available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives, or experts;

    (c)    Known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein, without the use or benefit of Discovery Material;

    (d)    Obtained outside of this Litigation by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES; provided, however, that this provision does not negate a protective order in another action or any other pre-existing obligation of confidentiality;

    (e)    Previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or any Third Party without an obligation of confidentiality, except for Discovery Material subject to the provisions of Paragraphs 57 and 58 of this Protective Order; or

(f)     Obtained by the Receiving Party from a Third Party, provided the production by the Third Party did not violate this Protective Order or a protective order in another action or any other obligation of confidentiality.

54.     Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the Party that designated the material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES withdraws such designation in writing; or (b) the Court rules that the designation is not proper and that the designation be removed.

55.     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

**NO WAIVER OF PRIVILEGE BY VIRTUE OF INADVERTENT DISCLOSURE**

56.     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, to work-product protection, or to any other applicable privilege or protection will not waive the applicable privilege and/or protection in this Litigation or in any other federal or state proceeding. This provision constitutes an Order under Federal Rule of Evidence 502(d). Upon discovery of the inadvertent production of Discovery Material over which a privilege or protection is claimed, a Producing Party may promptly request the return of such inadvertently produced Discovery Material. Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, the Receiving Party shall

immediately destroy or return such Discovery Material and all copies to the Producing Party and certify compliance. The Producing Party shall provide the Receiving Party with a privilege log that sets forth the basis for withholding the inadvertently produced Discovery Material. Nothing herein shall prevent Outside Counsel for the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any request for an order compelling production of the Discovery Material.

### **FAILURE TO DESIGNATE**

57. The failure by a Producing Party to designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES shall not be a waiver of such designation, provided that the Producing Party that fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES promptly but not more than fifteen (15) days (as calculated by Fed. R. Civ. P. 6) after the Producing Party became aware of its failure to designate the Discovery Material. The failure by a Producing Party to designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES or correct that designation under this Paragraph shall not preclude a Party from seeking relief from the Court at a later date requesting imposition of such designation or challenging the propriety thereof. The Receiving Party in receipt of Discovery Material that the Producing Party failed to designate as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY

CONFIDENTIAL – SOURCE CODE/DESIGN FILES shall not be in violation of this Protective Order for any use made of such Discovery Material before the Receiving Party is informed of the failure to designate. The Producing Party shall reproduce the Discovery Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Party. Upon receiving the Discovery Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy all Discovery Material that was not designated properly and certify compliance.

58.    In the event of disclosure of CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material to any person not authorized to such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform Outside Counsel for the Party whose CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for improperly disclosing such CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## RETURN/DESTRUCTION OF MATERIALS

59.     Not later than sixty (60) days (as calculated by Fed. R. Civ. P. 6) after the termination of this Litigation (including all appeals), all CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, and HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each Outside Counsel may retain one (1) archival copy of all papers filed with or otherwise provided to the Court, expert reports, discovery requests and responses, transcripts of testimony and exhibits, correspondence, mediation briefs, and their own work product containing such Discovery Material, and provided that such Outside Counsel and their respective employees shall not disclose any Party's CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order, and shall maintain the safeguards set forth in Paragraph 34.  Not later than sixty (60) days (as calculated by Fed. R. Civ. P. 6) after the termination of this Litigation (including all appeals), the Party receiving any CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material shall certify in writing that all such material has been returned or destroyed.  Notwithstanding the foregoing, Outside Counsel for each Party may retain duplicate copies of e-mail correspondence.  Further, nothing herein requires Outside Counsel to delete information that may reside on their respective electronic back- up systems that are over-written in the normal course of business.

## MISCELLANEOUS PROVISIONS

60.     This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

61.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

62.     If at any time CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material of a Producing Party is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written and email notice pursuant to the provisions of Paragraph 65 and shall provide the Producing Party with an opportunity to object to the production of such materials.  If the Producing Party does not seek a protective order within fifteen (15) days (as calculated by Fed. R. Civ. P. 6) of the date written notice is given, the Receiving Party to whom the subpoena or other request is directed may produce, on or after the date set for production in the subpoena or other request, but not prior to the end of the fifteen (15) day notice period, such material in response thereto, under a protective order with confidentiality provisions equal to or more restrictive than those of this Protective Order.

63.    <u>Other Proceedings</u>.  By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES pursuant to this Protective Order shall promptly notify that Party of the motion so that the Party may have the opportunity to appear and be heard on whether that information should be disclosed.

64.    Outside Counsel shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material.  The failure of individuals other than the deponent and the reporter to leave the deposition room during any portion of the deposition that inquires into matters designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES by the Producing Party shall constitute justification for Outside Counsel to instruct the witness that he or she should not answer the question.

65.    All notices during this Litigation required by this Protective Order are to be made by email to a Party's Outside Counsel (including, if available, to Outside Counsel's service distribution

email address designated for this Litigation), and all notices subsequent to the termination of Litigation are to be made by email and U.S. mail to a Party's Outside Counsel and the office of the Party's general counsel, if known. The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of service as calculated by Fed. R. Civ. P. 5. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by Outside Counsel for the Party waiving notice.

66.     Nothing in this Protective Order shall bar or otherwise restrict any Outside Counsel from rendering advice to his or her client with respect to this Litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material produced or exchanged in this Litigation; provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material under this Protective Order, the Outside Counsel shall not disclose the contents of CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material produced by any other Party or Third Party.

67.     Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any document, communication, or any portion thereof is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.

68.     Each person who receives CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

69.     This Order may be amended by the agreement of the Parties in the form of a written Stipulated Amended Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.   The Court retains the right to allow disclosure of any subject or CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material covered by this Protective Order or to modify or vacate this Protective Order at any time in the interest of justice.

70.     Neither the termination of this Litigation nor the termination of employment of any person with access to any CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material shall relieve any individual from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order.   The Court shall retain jurisdiction to enforce the terms of the Protective Order after final termination of this Litigation.

**SO STIPULATED:**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Brian P. Egan

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Analog Devices, Inc.*

OF COUNSEL

William F. Lee
Cynthia D. Vreeland
Peter M. Dichiara
Nicole M. Fontaine Dooley
Stephanie Neely
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com
cynthia.vreeland@wilmerhale.com
peter.dichiara@wilmerhale.com
nicole.fontainedooley@wilmerhale.com
stephanie.neely@wilmerhale.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Anne Shea Gaza

Anne Shea Gaza (#4093)
Robert M. Vrana (#5666)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Xilinx, Inc. and Xilinx Asia
Pacific Pte. Ltd.*

OF COUNSEL

Michael A. Jacobs
Richard S.J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
Hector G. Gallegos
Alex S. Yap
Ryan J. Malloy
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
(213) 892-5200
brahebi@mofo.com
hgallegos@mofo.com
ayap@mofo.com
rmalloy@mofo.com

April 10, 2020

**SO ORDERED** this ___13___ day of ___April_____, 2020.

/s/ Richard G. Andrews
_____
The Honorable Richard G. Andrews
United States District Judge

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANALOG DEVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-2225 (RGA) |
| | ) | |
| XILINX, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| XILINX, INC. and | ) | |
| XILINX ASIA PACIFIC PTE. LTD., | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANALOG DEVICES, INC | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## **DECLARATION TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

(a)    My present address is _____.

(b)    My present employer is _____ and

the address of my present employer is_____

_____.

(c)    My present occupation or job description is _____

_____.

(d)    I have received and carefully read the Protective Order in this Litigation dated

_____ and understand its provisions.  Specifically, I understand that I am obligated,

under order of the Court, to hold in confidence and not to disclose the contents of anything marked

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

CONFIDENTIAL – SOURCE CODE/DESIGN FILES," except as permitted by the Protective Order. According to the restrictions of Paragraph 25 of the Protective Order, I will use Discovery Material, including CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material, or information derived therefrom, solely for purposes relating to the above-captioned Litigation. I will never use such Discovery Material or information derived therefrom, directly or indirectly, in competition with the Producing Party, nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e)     At the termination of this Litigation or any time requested by Outside Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE/DESIGN FILES Discovery Material which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

(f)     I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

**Signature:** _____

**Date:** _____

2

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOUND VIEW INNOVATIONS, LLC,      )
                                   )
          Plaintiff,               )
                                   )          C.A. No. 16-116-RGA
     v.                            )
                                   )          **JURY TRIAL DEMANDED**
FACEBOOK, INC.,                    )
                                   )
          Defendant.               )
_____)

## STIPULATED PROTECTIVE ORDER

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, source code, strategic decision-making information, and marketing and sales information ("Sensitive Information");

IT IS HEREBY STIPULATED, and subject to the Court's approval, ORDERED, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings.

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another

Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    2.9    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party. By agreement, John Desmarais or any other Desmarais LLP employee that has worked or is working in a business capacity for Plaintiff will not have access to any information that Facebook designates as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

    2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

    2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as
"CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as
"HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a
Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material
(as defined above), but also (1) any information copied or extracted from Protected Material; (2)
all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
conversations, or presentations by Parties or their Counsel that might reveal Protected Material.
However, the protections conferred by this Stipulation and Order do not cover the following
information: (a) any information that is in the public domain at the time of disclosure to a
Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as
a result of publication not involving a violation of this Order, including becoming part of the
public record through trial or otherwise; and (b) any information known to the Receiving Party
prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who
obtained the information lawfully and under no obligation of confidentiality to the Designating
Party.  However, if the accuracy of information is confirmed only through the review of
Protected Material, then the information shall not be considered to be in the public domain.  For
example, unsubstantiated media speculations or rumors that are later confirmed to be accurate
through access to Protected Material are not "public domain" information.  Such information is
explicitly included in the definition of "Protected Material" set forth in 2.15 above.  Any use of
Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by
this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

4

claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

    5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        (a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

5

(b) for testimony given in deposition or other pretrial or trial proceedings that the Designating Party identify on the record or up to 21 days afterwards if that period is properly invoked, that the transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition or other pretrial or trial proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier the Challenging Party shall contact the Court's Case Manager to schedule an in-person conference/argument to retain confidentiality. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the Challenging Party shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court and served on the Designating Party by email within one hour of e-filing the document(s). Each such letter must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

8

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with the consent of the Designating Party or as ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that mock jurors shall not be given access to material designated "HIGHLY CONFIDENTIAL – SOURCE CODE"; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" <u>or</u> "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the information sought through part (5) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, the Objecting Party must contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the Objecting

11

Party shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, the other party may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court and the opposing Party via email within one hour of e-filing the document(s).

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the patents-in-suit as well as the subject matter of the Protected Information received, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. The Parties expressly agree that the prosecution bar set forth herein shall be personal to any Party's Outside Counsel, in-house attorneys, or their respective employed staff who reviews or otherwise learns the content of HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE information. It is expressly agreed that Outside Counsel and their employed staff who work on these matters without reviewing or otherwise learning the content of HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY or HIGHLY

12

CONFIDENTIAL — SOURCE CODE material shall not be restricted from engaging in prosecution activity on other matters that fall within the prosecution bar. It is also expressly agreed that in-house attorneys and their employed staff who work on these matters without reviewing or otherwise learning the content of HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE information shall not be restricted from engaging in prosecution activity on other matters that fall within the prosecution bar.

Notwithstanding the foregoing, nothing herein shall prevent an attorney from representing a party in a proceeding that challenges a patent-in-suit before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, or *inter partes* review) unless the attorney is involved in directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims on behalf of a patent owner. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar

13

set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (8:00 a.m. to 6:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel or another mutually agreed upon location.  To the extent access is necessary outside of normal business hours, the parties agree to cooperate in good faith and make reasonable efforts to accommodate reasonable requests for access outside of normal business hours.  The computer containing source code will be made available upon reasonable notice to the Producing Party, which shall not be less than 2 business days in advance of the requested inspection.  The source code shall be made available for inspection on two secured computers in a secured room without Internet access or network access to other computers ("Source Code Computers"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  Each Source Code Computer will be accessible using a working keyboard, mouse, and two monitors. The Producing Party shall install such tools or programs necessary to review and search the code produced on the platform produced.  At a minimum these software utilities must provide the ability to (a) view, search, and line-number any source code file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.  The Receiving Party's Outside Counsel and/or experts may request, at the Receiving Party's expense, that other commercially available licensed software tools for viewing and searching source code be installed on the secured computer.  The Producing Party shall provide to the Receiving Party a "HIGHLY CONFIDENTIAL – SOURCE CODE" printout on non-copyable paper listing directory structure of the three highest directory levels of the source code provided on the Source Code Computers.  The Producing Party shall also make available on the Source Code Computers an electronic, searchable PDF of the entire

14

directory structure of the source code provided on the Source Code Computers. The searchable PDF shall be bates numbered and contain line numbers for ease of reference. The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes. Though an expert may not copy lines of code into their notes, an expert's notes may include words from the code (e.g., definitions, function names, variable names, constants, string literals, and comments) and the expert's analysis of the operation of the source code. The Producing Party may not monitor or record via any electronic means the activities of the Receiving Party's representatives during any Source Code review. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the secured room to view the Source Code and when they enter and depart.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. A request for printed copies of files shall include, on a file-by-file basis, the complete file path associated with each file. If additional information is required to uniquely identify the requested files, then the request shall include, on a file-by-file basis, such additional information. The Producing Party and the Receiving Party shall cooperate in identifying the precise files which are sought. Within three (3) days of such request, the Producing Party shall either: (i) send one copy set of such pages to the Receiving Party for next day delivery; or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. All such source code shall be provided on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant

15

to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) necessary for trial. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. To the extent a deposition is likely to involve source code, the Party taking the deposition, shall provide at least seven (7) days written notice of that fact, and the Producing Party will make a source code computer available at the deposition, minimizing the need for additional paper copies of source code. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

16

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.2     The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

17

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and inform the Non-Party that it has fourteen (14) days to object to the information being provided to the Requesting Party; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Information (including

19

copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

14.4     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material, but rather must seek to file under seal any Protected Material in compliance with Local Rule 5.1.3.

14.5     Privilege Logs. No Party is required to identify on its respective privilege log any document or communication dated after the filing of the Complaint. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents, or as otherwise ordered by the Court.

14.6     Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

15.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

DATED: July 8, 2016

DATED: July 8, 2016

PHILLIPS, GOLDMAN, McLAUGHLIN & HALL, P.A.

MORRIS NICHOLS ARSHT & TUNNELL LLP

By */s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, Delaware 19806-4204
-and-
Alan S. Kellman
Tamir Packin
DESMARAIS LLP
230 Park Avenue
New York, NY 10169

By */s/ Karen Jacobs*
Jack B. Blumenfeld (No. 1014)
Karen Jacobs (2881)
1201 North Market Street
Post Office Box 1347
Wilmington, DE 19899
-and-
Heidi L. Keefe
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

Attorneys for Plaintiff SOUND VIEW INNOVATIONS, LLC

Attorneys for Defendant FACEBOOK, INC.

IT IS SO ORDERED, this _11_ day of ___July___ 2016.

_____
United States District Judge

21

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MELLANOX TECHNOLOGIES, INC. and | |
| MELLANOX TECHNOLOGIES, LTD. | C.A. No. 13-913-RGA |
| v. | |
| INFINITE DATA LLC | |
| INFINITE DATA LLC | |
| v. | C.A. No. 13-259-RGA |
| GENERAL MOTORS LLC | |
| INFINITE DATA LLC, | |
| v. | C.A. No. 13-260-RGA |
| HOME DEPOT U.S.A. INC., | |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS the parties in the above-captioned actions ("Action"), Infinite

Data LLC ("Infinite Data"), Mellanox Technologies, Inc. and Mellanox

Technologies, Ltd. (collectively, "Mellanox"), General Motors LLC ("GM"), and

Home Depot U.S.A. Inc. ("Home Depot") (collectively, Mellanox, GM, and Home

Depot shall be referenced herein as "Defendants" or separately as a Defendant,

and collectively, Infinite Data and Defendants shall be referenced as "Parties" or

separately as a Party) believe that good cause exists for the entry of this Protective

Order because documents and things designated as Confidential Material

hereunder constitute trade secret, proprietary or other confidential information the disclosure of which is likely to have the effect of harming the competitive position of the designating Party or violating an obligation of confidentiality to a third party;

WHEREAS the Parties have acknowledged that certain documents and other information being produced in this litigation include confidential, proprietary and/or trade secret information relating to the business of each Party, which, if disclosed, would harm the Party's business, commercial, or financial interests; that they desire to disclose such material to facilitate settlement discussions; that they desire to expedite the flow of discovery material, and facilitate the prompt resolution of disputes over confidentiality of discovery materials; that they desire to adequately protect information they are entitled to keep confidential as well as ensure that only such materials are subject to special treatment; and the Parties submit that protection of this material will protect the Parties from unfair competition, burden, and expense in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

THEREFORE IT IS HEREBY ORDERED that the following terms and conditions shall govern the use and treatment of documents, materials, items, tangible things, and/or information produced by Parties or non-Parties in this lawsuit:

1.    Scope: All documents and tangible things that contain or comprise confidential, proprietary and/or trade secret information, including sensitive

business development and financial information and research, development or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure that are produced either by a Party or by a non-Party to or for any of the Parties or their experts and designated as Confidential, Attorneys' Eyes Only, and/or Source Code Material as defined below shall be governed during discovery in this action by this Protective Order ("Protected Material").

2.      Confidential Material: Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. The party or non-party making such designation is referred to herein as the "Producing Party". Any Producing Party who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY PROTECTIVE ORDER" (hereinafter "Confidential Material").

3. Material produced and marked as Confidential Material shall be used by the receiving party ("Receiving Party") solely for purposes of the prosecution or defense of these actions, shall not be used by the receiving party for the purposes of any other litigation between the Parties or for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. In particular, a Receiving Party is not permitted to disclose Confidential Material of a Producing Party to other Parties subject to this Order without the prior written permission of the Producing Party. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Material, provided that such advice and opinions shall not reveal the content of such Confidential Material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions, except upon prior written consent of the designating party, or upon order of the Court:

(a) Outside counsel of record in this Action for the Parties;

(b) In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing reasonably necessary to assist in the litigation of this Action;

(d) Outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Action, provided that, before access is given, the consultant or expert has completed the acknowledgement attached as Appendix A hereto, and has complied with the procedures set forth in Paragraph 10 below;

(e) The Court and court personnel, in the manner prescribed by Paragraph 14 hereof;

(f) Any mediator who is assigned to hear this matter, and his or her staff;

(g) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

(h) Up to three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that each designated representative complete the acknowledgement attached as Appendix A hereto and the same is served upon the producing Party. Either party may in good faith request the other party's consent to designate

one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent; and

(i) Any deponent may be shown or examined on any information, document or thing designated Confidential or Attorneys' Eyes Only Material if it appears that the witness authored or received a copy of it, was personally involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure.

5. Confidential Material shall be used only by individuals permitted access to it under Paragraph 4. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality gives prior written consent to its disclosure, or (b) the Court orders such disclosure.

6. Attorneys' Eyes Only Material: Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information (including but not limited to business development, financial and technical information), the disclosure of which the producing party in good faith determines warrants further

limitation upon its dissemination.  Any party to this litigation or any third party
who is covered by this Order, who produces or discloses any Attorneys' Eyes
Only material, including without limitation any information, document, thing,
interrogatory answer, admission, pleading, or testimony, shall mark the same with
the foregoing or similar legend: "RESTRICTED CONFIDENTIAL -
ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL -
ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY PROTECTIVE
ORDER" (hereinafter "Attorneys' Eyes Only Material").

7.      Material produced and marked as Attorneys' Eyes Only Material shall be
used by the receiving party solely for purposes of the prosecution or defense of
this action, shall not be used by the receiving party for the purposes of any other
litigation between the Parties or for any business, commercial, competitive,
personal or other purpose, and shall not be disclosed by the receiving party to
anyone other than those set forth in Paragraph 8, unless and until the restrictions
herein are removed either by written agreement of counsel for the parties, or by
Order of the Court. In particular, a Receiving Party is not permitted to disclose
Attorneys' Eyes Only Material of a Producing Party to other Parties subject to this
Order without the prior written permission of the Producing Party.  It is, however,
understood that counsel for a party may give advice and opinions to his or her
client solely relating to the above-captioned action based on his or her evaluation
of Attorneys' Eyes Only Material, provided that such advice and opinions shall

not reveal the content of such Attorneys' Eyes Only Material except by prior written agreement of counsel for the parties, or by Order of the Court.

8.      Attorneys' Eyes Only Material and the contents of Attorneys' Eyes Only Material may be disclosed to (or access provided to) only those individuals identified in  paragraphs 4(a), 4(c) – (g), and 4(i).

9.      Attorneys' Eyes Only Material shall be used only by individuals permitted access to it under Paragraph 8. Attorneys' Eyes Only Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality provides prior written consent, or (b) the Court orders such disclosure.

10.     An expert's or consultant's access to Protected Material shall be subject to the terms in this paragraph, including the notice-and-objection provisions below, and the requirement that the expert or consultant execute the Agreement to be Bound attached hereto as Appendix A. The Party that retained the expert or consultant shall retain the Agreement to be Bound and must provide a copy to every Party to whose Protected Material the expert or consultant is to be given access.

(a) Before a Party may disclose, directly or indirectly, any Protected Material to an expert or consultant, the Party must give written notice to the Producing Party of the following information as it relates to the expert or consultant:

(i) current curriculum vitae, including the full name of the individual and the city and state of his or her primary residence;

(ii) business address and title;

(iii) nature of business or profession;

(iv) any previous or current relationship (personal or professional) with any of the Parties;

(v) a listing of other actions (including case name, case number, and court/agency) in which the individual has testified (at trial, deposition or in a hearing) over the last four years;

(vi) the individual's current employer;

(vii) all companies for which the individual has consulted or been employed by, within the past four years, and the years of such consulting or employment and brief description of the work performed (In the event such proposed expert or consultant is prohibited due to confidentiality obligations to a non-party from disclosing a present or prior employment or consultancy, the expert or consultant shall so state and shall in that case disclose such information as the expert or consultant is permitted to provide regarding the nature of the employment or consultancy—such as, e.g., the industry or technology involved in that employment or consultancy; whether the employment or consultancy was for a competitor of a Party; and like information—to enable, to the extent possible, the Producing Party to determine whether or not to object to the expert or consultant);

(viii) a listing of all papers or articles written by the individual in the last 10 years;

(ix) whether the individual is involved in or anticipates involvement in any aspect of prosecuting patent applications relating to computer network communications architecture in the field of the invention of the patent-in-suit and

(x) a copy of the expert's or consultant's signed Agreement to be Bound (in the form attached hereto as Attachment A). A separate Agreement to be Bound shall not be required for staff members working under the supervision of an individual signing an Agreement to be Bound in the form of Attachment A. An individual signing an Agreement to be Bound in the form of Attachment A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with the terms of this Protective Order.

(b) A Producing Party must object in writing to the disclosure of Protected Material within ten (10) calendar days of receiving a Receiving Party's written notice and the information specified in the preceding paragraph.

(c) If an objection is made, the Producing and Receiving Parties shall meet and confer to try to resolve the dispute by agreement. If no agreement is reached within fourteen (14) calendar days, the objecting Party may move the Court for an order that access to Protected Material be denied the designated individual, or other appropriate relief. Unless and until the Court determines otherwise, no

disclosure of any such Protected Material shall be made by the Receiving Party to any expert or consultant to whom an objection has been made.

11. Source Code. The Parties may designate documents, information, or things as "RESTRICTED CONFIDENTIAL -- SOURCE CODE" (hereinafter "Source Code Material"), which means source code, as that term is defined in section 11(a) below, and information related to source code, which is to be protected subject to the additional protections provided below.

(a) Source code includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions and/or instructions (hereinafter referred to as "source code"). Source code includes, without limitation, computer code, scripts, assembly, object code, RTL code, source code listings and descriptions of source code, object code listings and descriptions of object code, formulas, engineering specifications, electronic production files, including net lists, GDS files, CAD files, and the like, or schematics or databases that define or otherwise describe in detail the algorithms or structure of software or hardware. Source code documents at least include (1) printed documents that contain or refer to selected source code or hardware components ("printed source code"); (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain or refer to selected source code or hardware components ("described source code"); (3) electronic source code

documents that reside in a source code repository from which software and related data files may be compiled, assembled, linked, executed, debugged and/or tested ("source code files"); (4) electronic production files, schematics, or databases as described above; and (5) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to source code, source code files, and/or the development thereof. Source code files may include "header files," "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.

(b) Access to a Party's Source Code Material shall be provided only on "stand-alone," secured computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) ("Source Code Computer"). Upon reasonable request (for example, when a receiving party wishes to send two reviewers to work in parallel), two computers with identical copies of the source code will be provided, so long as the receiving party timely reimburses the producing party its costs incurred in providing such a second computer with identical copies of the source code. Whenever a Party produces additional source code on the Source Code Computer, the producing party shall give notice to the receiving party within two (2) business days. The Source Code Computer(s) may be connected to

a printer solely for the limited purposes permitted pursuant to subparagraph (k) below. Additionally, the Source Code Computer(s) may only be located in a secured room ("Source Code Room") at the offices of the producing Party's outside counsel or at some other mutually agreeable location. The Source Code Computer(s) shall run a reasonably current version of an operating system such as Apple OS X, Microsoft Windows, Linux, or SunOS.

(c)    The producing party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the producing party's business. The receiving party's outside counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the receiving party to perform its review of the source code consistent with all of the protections herein, and the receiving party pays all costs associated with the purchase and installation of such software tools.

(d)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, USB Flash drives, or drives of any kind, shall be permitted into the Source Code Review Room, except a wireless-

disabled, camera-disabled computer provided by the receiving party's outside counsel and/or experts. The receiving party's outside counsel and/or experts shall be entitled to take notes relating to the source code on a wireless-disabled, camera-disabled computer but may not take such notes electronically on the Source Code Computer itself. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that no unauthorized electronic records of the source code and that no information concerning the source code are being created or transmitted in any way. Counsel for Producing Party is not permitted to review any notes made by the Receiving Party's representatives. Such monitor shall not be in the Source Code Review Room, and shall not be able to listen to any activity taking place in the Source Code Review Room. No video may be made of any activity taking place in the Source Code Review Room, nor shall the monitor be permitted to report on any activities therein other than as may relate to the above-referenced purpose of the monitoring.

    (e)    Except as provided in subparagraph (k) below, the receiving party will

not copy, remove, or otherwise transfer any source code from the

Source Code Computer including, without limitation, copying,

removing, or transferring the source code onto any recordable media or

recordable device. The receiving party will not transmit any source code

in any way from the producing party's facilities or the offices of its

outside counsel of record. The producing party shall make the Source

Code Computers available at a deposition upon request by the receiving

party.

    (f)    Prior to the first inspection of the Source Code Computer, the receiving

Party shall provide ten (10) business days' notice of the Source Code

that it wishes to inspect. Prior to the second or subsequent inspection of

the Source Code Computer, the receiving Party shall provide three (3)

business days' notice of the Source Code that it wishes to inspect.

When requesting inspection of a Party's Source Code Material, the

receiving party shall identify all persons who will inspect the producing

Party's Source Code Material on behalf of a receiving Party, including

members of a receiving Party's outside law firm. The receiving Party

shall make reasonable efforts to restrict its requests for such access to

the Source Code Computer(s) to normal business hours, which for

purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. on

normal business days (i.e., weekdays that are not Federal or state

holidays). However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Computer(s) outside of normal business hours. The Parties shall cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel (or at some other mutually agreeable location) shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(g)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(h)     The producing Party will produce Source Code Material in native format as it is kept in the ordinary course of the producing Party's business (*e.g.*, maintaining the file names, file extensions and directory structure as it is kept in the ordinary course of business);

(i)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel

and up to three (3) outside consultants or experts[1] of the Receiving Party
(i.e., not existing employees or affiliates of a Party or an affiliate of a
Party) retained for the purpose of this Action and approved to access
such Protected Materials pursuant to paragraph 4(d) above. A receiving
Party may include excerpts of Source Code Material in a pleading,
exhibit, expert report, discovery document, or other Court document
("Source Code Document"), provided that the Source Code Documents
are appropriately marked under this Order, restricted to those who are
entitled to have access to them as specified herein, and, if filed with the
Court, filed under seal in accordance with the Court's rules, procedures
and orders;

(j)     To the extent portions of Source Code Material are quoted in a Source
Code Document, either (1) the entire Source Code Document will be
stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE
CODE or (2) those pages containing quoted Source Code Material will
be separately stamped and treated as RESTRICTED CONFIDENTIAL -
SOURCE CODE;

(k)     The receiving Party shall be permitted to make one printout of Source

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to
include the outside consultant's or expert's direct reports and other support personnel,
such that the disclosure to a consultant or expert who employs others within his or her
firm to help in his or her analysis shall count as a disclosure to a single consultant or
expert.

Code Material. The receiving Party may not print more than thirty (30) consecutive pages or five hundred (500) total pages of Source Code from each producing Party in this litigation without prior written approval by the producing Party or Order of the Court. Upon printing such pages of Source Code Material, the producing Party shall collect such materials and Bates number, copy and label all of the printed pages "RESTRICTED CONFIDENTIAL - SOURCE CODE." Within two (2) business days, the producing Party shall either (1) provide one copy set of such pages to the receiving Party and one copy set of such pages to one of the receiving Party's experts disclosed pursuant to paragraph 4(d) above, such expert's identification and physical address for delivery of the Source Code Material to be provided to the producing Party within two days of the inspection of the Source Code Material, or (2) inform the receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If the producing Party objects to any printed portions, the parties shall meet and confer within five (5) business days after the producing party has informed the receiving party of its objection. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the producing Party shall be entitled to seek a Court resolution of whether the printed Source Code Material in question is narrowly tailored and was printed for a permitted purpose;

(l)      Printed Source Code Material shall be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such;

(m)      If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s) and any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding);

(n)      The receiving Party's outside counsel shall make no more than three (3) additional copies of any portions of the Source Code Material, not including copies attached to court filings, and shall maintain a log of all paper copies of the Source Code Material. The log shall include the names of the recipients of all paper copies and locations where the paper copies are stored. The receiving party shall provide a copy of this log to the producing Party within five (5) business days of a producing Party's request for a copy of the log, such request to include a reasonable basis for production (e.g., good cause). Other than as provided herein, no

other copies (i.e., paper copies, electronic copies, handwritten copies, etc.) of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(o)   Court reporters and/or videographers shall not retain or be given copies of any portions of RESTRICTED CONFIDENTIAL – SOURCE CODE, all of which shall be maintained by deposing counsel under the secure conditions required herein. If any portion of RESTRICTED CONFIDENTIAL – SOURCE CODE is used during a deposition, the deposition record will identify the exhibit containing any RESTRICTED CONFIDENTIAL – SOURCE CODE by its production numbers only, and the entire deposition transcript shall be deemed designated RESTRICTED CONFIDENTIAL – SOURCE CODE until further specifically designated in accordance with this Order. To the extent any portion of RESTRICTED CONFIDENTIAL – SOURCE CODE are quoted in any document or transcript, either the entire document or transcript will be stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE or at least those pages containing any RESTRICTED CONFIDENTIAL – SOURCE CODE will be separately bound, designated, and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE.

(p)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under subparagraph (i) above to another person authorized under subparagraph (i) above, on paper, using a secure overnight delivery service, signature required, that maintains the security of the information and provides tracking information regarding how the Source Code Material is transported and who signs for it. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

(q)    Source code and information related to source code, including information, routines, concepts, etc. revealed in the source code, shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for the purposes of any other litigation between the Parties or for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in subparagraph (i) above, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. In particular, a Receiving Party is not permitted to disclose source code and information related to source code, including information, routines, concepts, etc. revealed in the source code, of a Producing Party to other Parties subject to this Order without the prior

written permission of the Producing Party. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of source code and information related to source code, provided that such advice and opinions shall not reveal the content of such RESTRICTED CONFIDENTIAL – SOURCE CODE Material except by prior written agreement of counsel for the parties, or by Order of the Court.

12. <u>Objections to Designations</u>: If counsel for a party objects to a designation as Confidential, Attorneys' Eyes Only, or Source Code Material hereunder, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) calendar days, and shall state with particularity the grounds for asserting that the document or information is Confidential, Attorneys' Eyes Only, or Source Code Material. If the written objection expressly refers to this paragraph and the duty to respond within 10 days, and no timely written response is made to the objection, then the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such

objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a designation as Confidential, Attorneys' Eyes Only, or Source Code Material cannot be resolved by agreement, the objecting party shall present the dispute to the Court. The proponent of the protected designation shall have the burden of showing that the designated document should be treated as designated pursuant to this Protective Order. The document or information that is the subject of the dispute shall be treated as originally designated pending resolution of the dispute.

13.     Parties may, at a deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY".

14.     Court Filings and Hearings: No Protected Material under this protective order shall be submitted to the Court – including without limitation quoting or attaching such information in any pleading, motion, memorandum, or other filing –

unless under seal. Any party desiring to submit non-confidential portions of a document designated Confidential, Attorneys' Eyes Only, or Source Code Material may redact the confidential information and submit the redacted document to the Court with the approval of the producing party, and counsel will endeavor to expeditiously provide approval of so-redacted documents upon request.

15. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential Material, Attorneys' Eyes Only Material, or Source Code Material it may do so only after giving notice to the producing party and as directed by the Court.

16. Inadvertent Disclosure: To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material, Attorneys' Eyes Only Material, or Source Code Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential, Attorneys' Eyes Only, or Source Code within a reasonable time after discovery of the inadvertent disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential, Attorneys' Eyes Only, or Source Code under this Order.

17.   Clawback Provision: If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, may obtain the return of such documents, information or other material by promptly notifying the recipient(s), and the receiving party's treatment of such materials shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure without relying on the contents of such inadvertently or mistakenly disclosed documents, information, or other materials.

18.   At any hearing relating to this action before trial before any judicial officer, subject to the rules of evidence, the requirements of this Order and an order of the Court, a Party may use any Protected Material for any purpose relating to such hearing. The use of the Protected Material in this Court shall not affect its coverage by this Protective Order or constitute a waiver of confidentiality with respect thereto. The Parties reserve the right to seek relief from the Court, either prior to or at a hearing in which Protected Material may be utilized, to either close the

courtroom or to otherwise seek appropriate relief to comply with the obligations set forth in this Order.

19.     The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of this Protective Order.

20.     No information that is in the public domain or that is already known by the receiving party on a non-confidential basis through proper means, or that is or becomes available to a party on a non-confidential basis from a source other than the party asserting confidentiality, providing such source is rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material or Attorneys' Eyes Only Material under this Order. For example, prior art that is already in the public domain at the time of production may be used by the Receiving Party for any purpose, even if such public prior art was not otherwise known to the Receiving Party prior to production by the Producing Party.

21.     This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered

without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

22.     This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

23.     Any individual attorney representing Infinite Data, whether in-house or outside counsel, and any person who is associated with Infinite Data and has reviewed a Defendant's Source Code Material, who obtains, receives, accesses, or otherwise learns, in whole or in part, a Defendant's Source Code Material under this Order shall (1) execute the Agreement to be Bound attached hereto as Appendix A, and provide a copy to every Party whose Source Code Material the attorney obtains, receives, accesses, or otherwise learns, and (2) refrain from the following activities for a period of one (1) year after the final resolution of this action: (a) preparing, prosecuting, supervising, advising on, consulting on, editing, amending or assisting in the preparation or prosecution of any patent application, specification, claim, and/or response to office action, or other activity otherwise affecting the scope of claims in a patent or patent application pertaining to the functionality, operation, and design of hardware and software systems relating to computer network communications architecture in the field of the invention of the patent-in-suit, before any foreign or domestic agency, including the United States Patent and Trademark Office; or (b) participating in the acquisition of patent applications, or the rights to any such patent applications with the right to

sublicense, relating to the functionality, operation, and design of hardware and software systems and subsystems that relate to computer network communications architecture in the field of the invention of the patent-in-suit. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to Source Code Material and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patent-in-suit. Litigation counsel may not otherwise participate in any reexamination or reissue proceeding of the patent-in-suit and/or any patents involving the functionality, operation, and design of hardware and software systems relating to computer network communications architecture in the field of the invention of the patent-in-suit, including drafting, reviewing, revising, or approving any new claims or any changes or amendments to any existing claims and also may not advise regarding amending claims or adding new claims, except as set forth in paragraph 24 below. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to any attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

24.     For purposes of Inter Partes Review before the United States Patent and Trademark Office ("IPR"), plaintiffs may designate one or more attorneys as set

forth in paragraph 4(a), who may participate in handling any IPR for the patent-in-suit, any related patent, or any other patent covered by the scope of the prosecution bar in paragraph 23. These designated attorneys shall not be involved in reviewing Source Code Material under this Protective Order, nor shall they take part in discussing Source Code Material with co-counsel, any witness in the case, or any expert, consultant or other person or entity, nor shall they read any report or other document concerning such Source Code Material, nor attend portions of any deposition or hearing (nor read portions of transcripts of such depositions or hearings) where Source Code Material are mentioned or discussed. They may participate in all other aspects of this case. If Source Code Material will be used at trial, the parties shall discuss the operation of this prosecution bar at the pretrial conference.

25.     Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

26.     If at any time Protected Material under the Protective Order is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the

subpoena or other request is directed shall immediately give prompt notice to counsel for Producing Party and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Material implicated by the subpoena. If a producing party does not take steps to prevent disclosure of such documents within twenty (20) business days after the service of the written notice, the party to whom the referenced subpoena is directed may produce such documents in response thereto but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

27.   No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production. Notwithstanding the provisions of this Protective Order, Infinite Data shall not disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Material.

28.   Within 120 days of final conclusion of this action, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Material, Attorneys' Eyes Only Material, or Source Code Material, and to destroy, should such source so request, all copies of Confidential Material, Attorneys' Eyes Only Material, or Source Code Material as well as excerpts, summaries and digests revealing Confidential Material,

Attorneys' Eyes Only Material, or Source Code Material. Notwithstanding this

provision, outside counsel for the Parties are entitled to retain an archival copy of

discovery responses, pleadings, motion papers, transcripts, legal memoranda,

correspondence or attorney work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material

remain subject to this Protective Order. Outside counsel need not purge its

document management system, file servers, email servers, or backup tapes to

eliminate Protected Material.

Dated this _____ day of April, 2014.

Hon. Richard G. Andrews
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELLANOX TECHNOLOGIES, INC. and MELLANOX TECHNOLOGIES, LTD.,<br><br>v.<br><br>INFINITE DATA LLC | C.A. No. 13-913-RGA |
| INFINITE DATA LLC,<br><br>v.<br><br>GENERAL MOTORS LLC | C.A. No. 13-259-RGA |
| INFINITE DATA LLC,<br><br>v.<br><br>HOME DEPOT U.S.A. INC. | C.A. No. 13-260-RGA |

## APPENDIX A
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare that:

1.   My city/town of residence is _____.

   My current employer is _____.

   My current occupation is _____.

   My current title/position is _____.

2.   I have received a copy of the Protective Order in this Action. I have carefully read and understand the provisions of the Protective Order.

3.   I agree to comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order,

and will use only for purposes of this Action any information designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of this Action, I will either destroy and certify destruction of or return all documents and things designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | §<br>§<br>§ CIVIL ACTION 6:20-CV-00454-ADA<br>CIVIL ACTION 6:20-CV-00455-ADA<br>CIVIL ACTION 6:20-CV-00456-ADA |
| Plaintiff, | § CIVIL ACTION 6:20-CV-00457-ADA<br>§ CIVIL ACTION 6:20-CV-00458-ADA |
| v. | § CIVIL ACTION 6:20-CV-00459-ADA<br>§ CIVIL ACTION 6:20-CV-00460-ADA |
| MICROSOFT CORPORATION, | § CIVIL ACTION 6:20-CV-00461-ADA<br>§ CIVIL ACTION 6:20-CV-00462-ADA |
| Defendant. | § CIVIL ACTION 6:20-CV-00463-ADA<br>§ CIVIL ACTION 6:20-CV-00464-ADA<br>§ CIVIL ACTION 6:20-CV-00465-ADA |
| | §<br>§ PATENT CASE<br>§<br>§<br>§ JURY TRIAL DEMANDED |

## PROTECTIVE ORDER

WHEREAS, Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development and Defendant Microsoft Corporation, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, other proprietary information, or information implicating privacy considerations in the Action[1];

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party or Non-Party may designate as confidential for protection under this Order, in

---

[1] Action means the Case Nos. 6:20-cv-0454 through 6:20-cv-00465.

whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation shall be placed on the placeholder image bearing the Bates number for the native file and the filename of each such natively produced document shall include the appropriate designation.

2.      Any document produced under the Order Governing Proceedings before issuance of this Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or any similar designation shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY
CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the
provisions herein and unless otherwise stated, this Order governs, without limitation: (a)
all documents, electronically stored information, and/or things as defined by the Federal
Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents
marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings,
exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies,
reproductions, extracts, digests and complete or partial summaries prepared from any
DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and
treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of
documents, information or material that has not been designated as DESIGNATED
MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential
treatment.  Any party that inadvertently or unintentionally produces Protected Material
without designating it as DESIGNATED MATERIAL may request destruction of that
Protected Material by notifying the recipient(s), as soon as reasonably possible after the
producing Party becomes aware of the inadvertent or unintentional disclosure, and

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer
to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" both
individually and collectively.

providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized by this Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound," (Appendix A).

5.  "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 14 herein:

(a) outside counsel of record in this Action for the Parties, and outside counsel retained for the purpose of this litigation;

(b) outside counsel's paralegals, attorneys, and staff, working at the direction of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) no more than two (2) in-house counsel for the Parties to whom such disclosure is reasonably necessary for the oversight, conduct, and/or resolution of this litigation, all of whom have read this Order and signed the "Acknowledgement and Agreement to Be Bound" (Appendix A);

(d) up to and including two (2) designated representatives of each of the Parties to whom such disclosure is reasonably necessary for the oversight, conduct, and/or resolution of this litigation, and who has read this Order and signed the "Acknowledgement and Agreement to Be Bound" (Appendix A),

(e) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer within three business days in good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party must file a motion with the Court within three business days requesting a hearing or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material should be protected from public disclosure because such information (i) contains confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material; or (ii) any information that a Party or Non-Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations..

---

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing data, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

7.      Documents, information or material produced pursuant to any discovery request in this

Action, including but not limited to Protected Material designated as DESIGNATED

MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not

be used for any other purpose.  Any person or entity who obtains access to DESIGNATED

MATERIAL or the contents thereof pursuant to this Order shall not make any copies,

duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any

portion thereof except as may be reasonably necessary in the litigation of this Action.  Any

such copies, duplicates, extracts, summaries or descriptions shall be classified

DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

Disclosure of DESIGNATED MATERIALS shall be subject to all applicable laws and

regulations relating to the export of technical data contained in such DESIGNATED

MATERIALS including the release of such technical data to foreign persons or nationals

in the United States or elsewhere.  Each party receiving DESIGNATED MATERIALS

shall comply with all applicable export control statutes and regulations.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be

designated CONFIDENTIAL is so highly sensitive that its dissemination deserves even

further limitation, the producing Party may designate such Protected Material "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected

Material includes computer source code (i.e., a text listing of computer instructions,

commands and data definitions expressed in a form suitable for input to an assembler,

compiler, or other translator, the disclosure of which to another Party or Non-Party would

create a substantial risk of serious harm) and/or live data (that is, data as it exists residing

in a database or databases) ("Source Code Material"), the producing Party may designate

such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE." "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" also includes any information that a Party or Non-Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

9. For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a)-(b) and 5(e)-(g).

10. For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided using three secure review computers provided by the producing Party, where the Source Code production applicable to each of the above-captioned cases is accessible from each review computer. If a Party's Source Code is provided on the review computers, each review computer shall be a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). A display screen or monitor of a size of at least seventeen inches shall be provided by the producing Party for each review computer. Each review computer may be capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraph 10(h) and (k) below. Each review computer shall, at the receiving Party's request and expense, and with the producing Party's approval that shall not be unreasonably withheld, include reasonable commercially available analysis tools (e.g., Notepad++) reasonably necessary for the type of Source Code Material. The receiving Party shall be responsible for providing tools or licenses to

tools that it wished to use so that the producing Party may install such tools on the stand-alone computers. Requests for installation of tools will be provided to the producing Party in a reasonable time. Except as provided in paragraph 10(k) below, the review computers produced by Microsoft will only be made available at the Austin offices of the law firm Fish & Richardson, or as otherwise agreed. If, due to a public health or other emergency, there arise federal, state, or local social distancing or travel restrictions, which would substantially hinder the source code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the source code machines available in an alternative location that would allow source code review to occur while satisfying the reasonable interests of the producing Party in maintaining the security of its Source Code Material.

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the review computers to normal business hours for Fish & Richardson, where the code is hosted, which for purposes of this paragraph shall be 8:30 a.m. through 4:00 p.m. CST.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the review computer outside of normal business hours.  Requests for access shall be made ten (10) business-days' notice for the initial inspection of the Source Code Materials and three (3) business-days' notice for any subsequent inspection of the Source Code Materials.[4] Any single inspection may span multiple days based on the same notice. Requests for access shall include the information reasonably needed to access the building, including the names of the visitors and expected times of arrival.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the review computer in order to access the produced Source Code Material on the review computer. No recordable media, recordable devices, input/output devices, devices with Internet or network access, or other electronic devices capable of recording, copying, or transmitting the source code, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the source code reviewing room. The hosting facility for the producing Party shall provide a secure location to store personal electronic devices, such as cellular telephones, where they will be readily accessible to the reviewer outside the review room upon request.  Nor shall the reviewing Party or its expert(s) attempt to circumvent the security of the review computer or confidentiality of the source code displayed;

(d) The producing Party will produce Source Code Material in computer searchable format on the review computer as described above;

---

[4] The parties recognize that the request for access for initial inspection of code has already been made and that additional requests shall require three (3) business-days' notice.

(e) Access to Protected Material designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be limited to outside counsel and up to three (3) outside consultants or experts[5] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include reasonably limited excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(g) Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) In view of the current logistical circumstances related to the COVID-19 pandemic, the receiving Party will be provided with three (3) copies of printed Source Code Material, which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except as explicitly permitted herein. The receiving Party shall maintain a log of all such files that are printed." No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except as explicitly permitted herein. The receiving Party may request additional copies of printed Source Code Material to be sent to specific individuals who have read this Order and signed Appendix A for the purposes of this litigation and with a need for additional, simultaneous access to the printed Source Code Material, and such requests shall not be unreasonably denied by the producing Party. The requesting party may seek leave of Court to require additional copies if the requesting Party believes the other party has unreasonably denied such a request. The receiving Party shall maintain a log of all such files that are printed.

---

[5] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's staff and other support personnel, working at the direction of such outside consultant or expert, and as such, the disclosure to a consultant or expert's staff and other support persons shall count as a disclosure to a single consultant or expert. Each person working at the direction of such outside consultant or expert must sign the acknowledgement form attached as Appendix A.

The receiving Party shall not print more than 1000 pages for each software release. The receiving Party may request permission to print additional pages of Source Code. Such requests shall not be unreasonably denied by the producing Party. If at the time of inspection and requested printing, the producing Party objects to the printed portions as excessive and/or not done for a permitted purpose, the receiving Party shall not be provided with the print portions until such objection is resolved. In the event of an objection, the Parties shall meet and confer in good faith within one (1) business day of the objection and attempt to resolve the dispute on an informal basis. If the Parties are unable to resolve any objection, the receiving party may seek court intervention.

If during the course of a review the receiving Party has stored electronic print-outs of Source Code Material (for example a pdf file) on the review computer, the receiving Party may request the producing Party provide the receiving Party with a Bates-labeled and appropriately designated paper copy of the electronic print-outs to the Receiving Party within one (1) business day. The producing Party will not delete such stored electronic print-outs from the review computer.

(i)  Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(j)  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts at all times keep the printouts or photocopies in a secured container in a locked area in the offices within the United States of such outside counsel, consultants, or expert, except when actively reviewing those printouts or photocopies. Paper copies of Source Code Material may not be copied and may not be removed from a secured container or location unless in a secured, private area. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a secure location within a hotel prior to a Court proceeding or deposition); and

(k)  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal

Express or other similarly reliable and insured courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth herein and is at all times subject to the transport restrictions set forth herein. For those purposes only, the Source Code Materials may be stored on a stand-alone computer.

(l) The producing Party may visually monitor the activities of the receiving Party's representatives during any source code review subject to such monitoring activities being free from any interference that impedes or hinders the representatives' source code review, and only to the extent to ensure that there is no unauthorized recording, copying, or transmission of the producing Party's Source Code. For example, the producing Party may visually monitor while standing outside of a glass wall of a conference room. For the sake of clarity, the producing Party will refrain from any active monitoring activities that reveal Attorney Work Product (*e.g.*, viewing the source code review notes, monitoring the contents of the review computer's screen during the review, or listening to conversation of the source code reviewer); such monitoring activities will not be considered to be reasonable.

(m) Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Except as provided in this paragraph, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper copy of Source Code Material for use in any manner. Where the producing Party has provided the express written permission required under this provision for a receiving Party to create electronic copies of Source Code Material, and if the producing Party requests it, the receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order. The Parties agree to negotiate additional procedures that will govern the use of Source Code Material in remote depositions, if necessary.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise

learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals or two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL, whichever is earlier. These prohibitions shall not preclude Plaintiff's litigation counsel from participating in any inter partes review, CBM, or post-grant review proceedings, provided there is no attempt to amend any claims in the proceedings by any counsel for patent owner during the course of the proceedings. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:(a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order if allowed under applicable protective orders in the other litigation;(b) promptly notify in

writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

13.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party simultaneously that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party. If the Non-Party fails to object  and seek a protective order from this court within 14 calendar

days of receiving the notice and accompanying information, the Party shall produce the Non-Party's confidential information responsive to the discovery request. If the Party maintains it cannot produce the Non-Party's confidential information even after the notice and accompanying information have been provided, the Party may prepare a joint motion in which the Party and the Requesting Party ask that the court order expedited production of the Non-Party's confidential information in response to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s), in writing or via on-the-record request, and providing a privilege log for the inadvertently or unintentionally produced documents, information

14

or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information. If any such inadvertently produced material has been used in any other document generated in connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed. The producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents. The receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion. Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information. To the extent that a receiving Party receives information or items from a producing Party that the receiving Party believes may have been inadvertently disclosed, the receiving Party shall inform the producing Party and suspend review of such information or items for five (5) business days subject to the producing Party's response.

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or a hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil

Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.   A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties" or "Non-Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

24. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within thirty (30) days of final disposition of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Nothing in this order requires a Party to destroy any information it is required by law to retain. The Parties shall not be required to delete information that may reside on electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. However, the Parties and their counsel shall not retrieve, access, nor use any DESIGNATED MATERIAL from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

25. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a

motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

It is so ORDERED this 30th day of March, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

WSOU INVESTMENTS, LLC D/B/A
BRAZOS LICENSING AND
DEVELOPMENT,

       Plaintiff,

v.

MICROSOFT CORPORATION,

       Defendant.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION 6:20-CV-00454-ADA
CIVIL ACTION 6:20-CV-00455-ADA
CIVIL ACTION 6:20-CV-00456-ADA
CIVIL ACTION 6:20-CV-00457-ADA
CIVIL ACTION 6:20-CV-00458-ADA
CIVIL ACTION 6:20-CV-00459-ADA
CIVIL ACTION 6:20-CV-00460-ADA
CIVIL ACTION 6:20-CV-00461-ADA
CIVIL ACTION 6:20-CV-00462-ADA
CIVIL ACTION 6:20-CV-00463-ADA
CIVIL ACTION 6:20-CV-00464-ADA
CIVIL ACTION 6:20-CV-00465-ADA

PATENT CASE

JURY TRIAL DEMANDED

**APPENDIX A**
**ACKNOWLEDGEMENT & AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER**

I, _____[print or type full name], declare that:

1.    My address is _____. My

current employer is _____. My

current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read in its

entirety and understand the Protective Order.

3.    I will comply with and be bound by all of the provisions of the Protective Order.  I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.

4.    I will hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action any information or item that is subject to the Protective Order.

5.   Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

6.   I hereby submit to the jurisdiction of the Court in which the action is pending for the purpose of enforcement of the Protective Order in this action, even if such enforcement proceedings occur after termination of the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Printed Name _____

Date _____

City and State where sworn and signed: _____

E-mail Address:      _____

Telephone:      _____

# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

WSOU INVESTMENTS, LLC D/B/A
BRAZOS LICENSING AND
DEVELOPMENT,

           Plaintiff,

v.

ARISTA NETWORKS, INC.,

           Defendant.

CIVIL ACTION NO. 6:20-cv-01083-ADA

JURY TRIAL DEMANDED

## INTERIM PROTECTIVE ORDER

WHEREAS, Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development and Defendant Arista Networks, Inc, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL"

shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," individually and collectively.

identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)      Outside counsel of record in this Action for the Parties.

(b)      Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     The Court and its personnel.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only

upon a good faith belief that the documents, information, or material contains confidential

or proprietary information or trade secrets of the Party or a Third Party to whom the Party

reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.   Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL - SOURCE CODE."

9.   For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.     For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11.     For Protected Material designated HIGHLY CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, Internet or functional USB port). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11(h and k) below. Additionally, except as provided in paragraph 11(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or its vendors.

The receiving Party's reviewers may use a laptop to take notes, provided that the note-taking laptop shall be completely disabled such that it cannot be linked to any network, including a LAN, an intranet or the Internet, or to an USB port. Under no circumstances shall a reviewer transcribe any portion of the source code into his or her notes, with the exception of file names or routine names as necessary. Upon the receiving Party's request, commercially available software tools for viewing and searching source code shall be installed on the computer(s), provided that (a) the receiving Party possesses an appropriate license to such software tools; (b) the software tools used by the receiving Party cannot be used to assemble, compile, or convert source code to object code; and (c) the producing Party approves such software tools (which approval shall not be unreasonably withheld). Such request for software shall be provided at least ten (10) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the computer. Further, the stand-alone computer(s) shall be of suitably modern grade, and if requested, with an external monitor having a viewing screen measuring at least 19" diagonally, an external mouse, and an external keyboard.

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. However, upon reasonable

notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. Requests for access shall be made ten (10) business-days' notice for the initial inspection of the Source Code Materials and three (3) business-days' notice for any subsequent inspection of the same Source Code Materials. Any single inspection may span multiple days based on the same notice. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The Source Code Material will be made available from the date it is produced until the case is resolved.

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.

(e)    Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)    To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

(g)     Except as set forth in paragraph 11(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, which as to number of photocopies shall presumptively be a total of ten (10), all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

(i)     Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such.

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable and insured courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(j) above and is at all times subject to the transport restrictions set forth herein. For those purposes only, the Source Code Materials may be stored on a stand-alone computer. Notwithstanding the above provisions of 11(k), if a deposition by videoconference is necessary due to health circumstances, and Source Code Material is to be used during such a deposition, the Parties agree to cooperate to develop reasonable procedures for the use of such Source Code Materials during the deposition.

(l)     The producing Party may visually monitor the activities of the receiving Party's representatives during any source code review subject to a reasonable approach that is free from interference that might otherwise impede the representatives'

source code review, and only to the extent to ensure that there is no unauthorized recording, copying, or transmission of the producing Party's Source Code. For the sake of clarity, the producing Party will refrain from any active monitoring activities that reveal Attorney Work Product (*e.g.*, viewing the source code review notes or monitoring the contents of the review computer's screen during the review); such monitoring activities will not be considered to be a reasonable approach.

(m)    Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Except as provided in this paragraph, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper copy of Source Code Material for use in any manner. Where the producing Party has provided the express written permission required under this provision for a receiving Party to create electronic copies of Source Code Material, and if the producing Party requests it, the receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

12.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals.   To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE

MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

13. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such

application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given

shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.     Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

The Parties agree to this Interim Protective Order, relating to the production of documents and provision of source code prior to the opening of fact discovery. The representatives below are authorized to sign on behalf of each Party. The Parties will further discuss converting this Interim Protective Order into a Final Protective Order to be submitted to the Court at or around the time of the claim construction hearing in this case.

Dated: June 25, 2021                                        Dated: June 28, 2021

/s/ *Max L. Tribble, Jr.*                                   /s/ *Paige Arnette Amstutz*

Max L. Tribble, Jr.                                         Paige Arnette Amstutz
Texas Bar No. 2021395                                       pamstutz@scottdoug.com
Shawn Blackburn (pro hac vice)                              SCOTT DOUGLASS & MCCONNICO LLP
Texas Bar No. 24089989                                      303 Colorado Street, Suite 2400
Bryce T. Barcelo (pro hac vice)                             Austin, TX 78701
Texas Bar No. 24092081                                      Telephone: (512) 495-6300
SUSMAN GODFREY L.L.P.                                       Fax: (512) 495-6399
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096                                   Douglas E. Lumish (pro hac vice)

Telephone: (713) 651-9366
Fax: (713) 654-6666
mtribble@susmangodfrey.com
sblackburn@susmangodfrey.com
bbarcelo@susmangodfrey.com

Kalpana Srinivasan (pro hac vice)
California Bar No. 237460
Raymond Wright (pro hac vice)
California Bar No. 331950
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com
rwright@susmangodfrey.com

***Attorneys for Plaintiff***
***WSOU Investments, LLC d/b/a Brazos***
***Licensing and Development***

Jeffrey G. Homrig (pro hac vice)
Richard G. Frenkel (pro hac vice)
Linfong Tzeng (pro hac vice)
LATHAM & WATKINS, LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Fax: (650) 463-2600
Doug.Lumish@lw.com
Jeff.Homrig@lw.com
Rick.Frenkel@lw.com
Linfong.Tzeng@lw.com

Amit Makker (pro hac vice)
LATHAM & WATKINS, LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
Amit.Makker@lw.com

***Attorneys for Defendant***
***Arista Networks, Inc.***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

WSOU INVESTMENTS, LLC D/B/A
BRAZOS LICENSING AND
DEVELOPMENT,

           Plaintiff,

v.

ARISTA NETWORKS, INC.,

       Defendant.

CIVIL ACTION NO. 6:20-cv-01083-ADA

JURY TRIAL DEMANDED

## APPENDIX A
### UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING INTERIM PROTECTIVE ORDER

I, _____, declare that:

1.    My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.    I have received a copy of the [interim] Protective Order in this action. I have carefully read and understand the provisions of the [interim] Protective Order. Until the Court enters a final Protective Order in the above-captioned matters, I will comply with and be bound by all of the provisions of the [interim] Protective Order.

3.    I will comply with and be bound by all of the provisions of the [final] Protective Order as entered by the Court. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

4.    I will hold in confidence, will not disclose to anyone not qualified under the [final] Protective Order, and will use only for purposes of this action any information or item that is subject to the [final] Protective Order.

5. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the [interim] and [final] Protective Orders in this action, even if such enforcement proceedings occur after termination of the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Printed Name _____

Date _____

City and State where sworn and signed: _____

E-mail Address: _____

Telephone: _____

# EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | CIVIL ACTION 6:20-CV-00487-ADA |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-CV-00488-ADA |
| DEVELOPMENT, | § | CIVIL ACTION 6:20-CV-00489-ADA |
| | § | CIVIL ACTION 6:20-CV-00490-ADA |
| Plaintiff, | § | CIVIL ACTION 6:20-CV-00491-ADA |
| | § | CIVIL ACTION 6:20-CV-00492-ADA |
| v. | § | CIVIL ACTION 6:20-CV-00493-ADA |
| | § | CIVIL ACTION 6:20-CV-00494-ADA |
| ZTE CORPORATION ET AL, | § | CIVIL ACTION 6:20-CV-00495-ADA |
| | § | CIVIL ACTION 6:20-CV-00496-ADA |
| Defendant. | § | CIVIL ACTION 6:20-CV-00497-ADA |
| | § | |
| | § | PATENT CASE |
| | § | |
| | § | |
| | § | JURY TRIAL DEMANDED |

## PROTECTIVE ORDER

WHEREAS, Plaintiff and Defendants, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information in this Action[1];

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such

---

[1] Action means the Case Nos. 6:20-cv-0487 through 6:20-cv-00497.

document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL").[2] The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material.

2. Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only," or the like shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3. With respect to documents, information, or DESIGNATED MATERIAL (*i.e.*

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE," both individually and collectively.

"CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (DESIGNATED MATERIAL such as "CONFIDENTIAL," "CONFIDENTIAL -ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 13 herein:

(a)    Outside counsel of record in this Action for the Parties.

(b)    Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)    In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)    Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)    Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)    Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)    The Court and its personnel.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.     Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE CODE."

9.     For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed

in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.     For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11.     For Protected Material designated "CONFIDENTIAL - SOURCE CODE" (e.g., "Source Code Material"), the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11(h and k) below. Additionally, except as provided in paragraph 11(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or its vendors.

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.

(e)     Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.   A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)     To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL - SOURCE CODE.

(g)     Except as set forth in paragraph 11(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, which shall presumptively be a total of ten (10), all of which shall be designated and clearly labeled "CONFIDENTIAL - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

(i)     Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such.

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

12.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of

the patent-in-suit. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

13.  Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14.  There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and

material to protect against disclosure to any unauthorized persons or entities.

15.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.   DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of

the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

17.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.    If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local

Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all

DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24.     The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.     Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

Signed on June 1st, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | CIVIL ACTION 6:20-CV-00487-ADA |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-CV-00488-ADA |
| DEVELOPMENT, | § | CIVIL ACTION 6:20-CV-00489-ADA |
| | § | CIVIL ACTION 6:20-CV-00490-ADA |
| Plaintiff, | § | CIVIL ACTION 6:20-CV-00491-ADA |
| | § | CIVIL ACTION 6:20-CV-00492-ADA |
| v. | § | CIVIL ACTION 6:20-CV-00493-ADA |
| | § | CIVIL ACTION 6:20-CV-00494-ADA |
| ZTE CORPORATION ET AL, | § | CIVIL ACTION 6:20-CV-00495-ADA |
| | § | CIVIL ACTION 6:20-CV-00496-ADA |
| Defendant. | § | CIVIL ACTION 6:20-CV-00497-ADA |
| | § | |
| | § | PATENT CASE |
| | § | |
| | § | |
| | § | JURY TRIAL DEMANDED |

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is

disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00454-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00455-ADA** |
| *Plaintiff,* | § | **CIVIL ACTION 6:20-cv-00456-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00457-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00458-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00459-ADA** |
| **v.** | § | **CIVIL ACTION 6:20-cv-00460-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00461-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00462-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00463-ADA** |
| **MICROSOFT CORPORATION,** | § | **CIVIL ACTION 6:20-cv-00464-ADA** |
| *Defendant.* | § | **CIVIL ACTION 6:20-cv-00465-ADA** |

## JOINT MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER

**TO THE HONORABLE COURT:**

The parties jointly move for entry of a protective order. While the parties have reached agreement on most items, three items remain in dispute. The parties' respective positions are summarized briefly below. A proposed protective order with the disputes highlighted is attached as Exhibit A.

| Plaintiff's Proposal | Defendant's Proposal |
|---|---|
| The receiving Party shall not print more than 1000 pages for each software release. | The receiving Party shall not print more than ten (10) consecutive pages of continuous Source Code. The receiving Party may request permission to print additional consecutive pages of continuous Source Code. Such requests shall not be unreasonably denied by the producing Party. In addition, the receiving Party shall be limited to printing a total of two hundred and fifty (250) pages of Source Code per case, a page being defined as an 8.5" x 11" paper page with 1.25" margins and using no smaller than a 12-point font. |

## I.      Plaintiff's Position

This Court's working group draft of a standard protective order contains no limits on the number of source code printouts.  Similarly, the standard EDTX protective contains no limit on such printouts – relying instead on a "reasonable number." [1]  Microsoft has previously agreed to protective orders with no specified limits. *See* e.g., *Seed Spring, et al. v. Microsoft Corporation*, Case No. 6:17-cv-427 (E.D. Tex.)(Aug. 24, 2017)[2] and *Soverain IP, LLC v. Microsoft Corporation*, Case No. 2:17-cv-204 (E.D. Tex.)(Aug. 23, 2017).[3] Because Microsoft insists on a presumptive limit as opposed to a "reasonable number," WSOU agreed to the same language Microsoft previously agreed to in *Dynamic Data Technologies v. Samsung Electronics, et al*, Lead Case No. 2:18-cv-459 (E.D. Tex.)(April 24, 2019),[4] namely 1,000 pages per software release.  Microsoft rejected WSOU's Offer. WSOU alternatively offered a presumptive page limits based on 2% of the source code.  Again, Microsoft rejected WSOU's proposal.

Microsoft's proposal of 250 pages total per case should be rejected for several reasons.

First, Microsoft represented to the Court that source code was important – the "definitive source of evidence." This representation was made in a hearing before the Court on November 30, 2020.  WSOU requested this hearing because Microsoft <u>only</u> provided access to source code instead of producing technical documents like requirements documents or engineering notes.  Microsoft argued that these technical documents needed not be provided because "there's one definitive source of evidence for what software does, and that is its source code." Hearing Tr. at 03:34. Now, despite this representation, Microsoft seeks to limit the ability to print out such a "definitive source of evidence."

---

[1] See https://www.txed.uscourts.gov/sites/default/files/judgeFiles/Sample_Protective_Order_Patent_Cases_%28April%202019%29.docx  ("The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.")

[2] Dkt. No. 173 (Agreed Protective Order) and Dkt. No. 173-1 (Proposed Order reciting "a reasonable number of printouts and photocopies of Source Code Material . . . ").

[3] Dkt. No. 14 (Agreed Protective Order) and Dkt. No. 14-1 (Proposed Order reciting "a reasonable number of printouts and photocopies of Source Code Material . . . ").

[4] Dkt. No. 76 (Joint Motion for Agreed Protective Order) and Dkt. No. 76-1 (Proposed Order reciting "[n]o more than 1000 pages of Total Source Code Material (not including copies of original printouts) for any software release . . . ").

Second, as noted above, Microsoft already agreed to the <u>exact same</u> limits in an earlier case. WSOU provided that case to Microsoft in the meet and confer process. Microsoft has neither provided a good reason for the artificial page limit in this case nor explained how earlier *Dynamic Data* case is different.

Third, WSOU's experts have spent months reviewing the large volume of code produced by Microsoft and can affirmatively state that 250 pages is not enough to document the operation of the Accused Instrumentalities. There are often multiple versions of the code and multiple modules used in operation. Limiting the ability to print out this evidence severely prejudices WSOU. This is why WSOU alternatively suggested some percentage of the code (e.g., 2%). Microsoft also rejected that – and any other reasonable tether to the amount of code.

Fourth, Microsoft's contention that WSOU can simply extend this 250-page limit upon a showing of "good cause" should likewise be rejected. WSOU is already there and is unable to print out the source code from the computers until this issue is resolved. Microsoft has offered no alternatives to account for the large volumes of source code it made available for inspection or the multiple versions of the software.

Microsoft's separate requirement limiting the number of consecutive pages to ten (10) should also rejected. WSOU has already agreed to an overall presumptive limit on pages (1,000); and, Microsoft has provided no good reason for imposing the limiting consecutive page count. As WSOU's experts can attest, relevant source modules in this case <u>already</u> exceed ten (10) pages – meaning that the parties would have to return to the Court for permission to actually print out such relevant modules should Microsoft refuse to allows such pages to be print out. If the Court is inclined to impose a consecutive page count limit for this case, it should be something more reasonable – 50 pages.

Finally, Microsoft proposes defining the parameters of a "page." WSOU does not see this as necessary and is concerned that this another attempt by Microsoft to decrease WSOU's ability to use what Microsoft, again, called the definitive source of evidence. For example, the default

"margin" for Microsoft's own word processing program, Word, is one-inch.[5] Likewise, this Court requires briefs to have one-inch margins.[6]  Yet, Microsoft want to decrease page size only have 1.25-inch margins.  On font-size, cannot possibly guess whether 12-point font might be appropriate for every scenario.   Rather than specifying page sizes, the parties should simply be reasonable on print requests.

## II.       Defendant's Position

Microsoft's proposal reflects the parties' original agreement that a total of 250 pages of Source Code may be printed per case, subject to reasonable requests for permission to print additional pages.  The parties have agreed that WSOU may request permission to print additional pages, which shall not be unreasonably denied.  Despite having agreed to the 250 pages per case limit during the parties' first round of meet and confers over the protective order, WSOU has reneged on the agreement and now seeks 1000 pages for each "software release," which is both undefined and excessive.  It is not clear what WSOU believes constitutes a "software release" or why it believes each "software release" should entitle it to another 1000 pages of Source Code printouts.   As software products evolve, code is reused and updated only as needed.   Even assuming, *arguendo*, that WSOU intends to count each top-level Source Code folder made available for production as a "software release," this will result in an excessive number of printouts.  For example, for Xbox alone (Case Nos. 6:20-cv-455 and -457), there are at least 8 top-level folders that have been made available for inspection, which under WSOU's proposal would entitle it to at least 8,000 pages of printouts.  This is not proportional to the needs of these cases,

---

[5] https://support.microsoft.com/en-us/office/change-the-margins-in-your-word-document-c95c1ea1-70b1-4dde-a1da-f5aa2042c829
[6] https://www.txwd.uscourts.gov/court-information/frequently-asked-questions/

where WSOU accuses very specific functionality within the software products, and unreasonably

puts Microsoft's proprietary Source Code at risk.

In addition, WSOU's proposal does not limit the number of consecutive pages of

continuous Source Code that may be printed, leading to the possibility that, under its proposal, it

could simply print 1000 pages of Source Code for further and extensive review away from the

protections provided by the Source Code computers.  The reason to limit the number of consecutive

pages is simple.  Even with a Protective Order in place, there is some risk of disclosure to

unauthorized persons.  Any disclosure of Source Code will cause competitive harm to Microsoft,

but disclosure of considerable sections of consecutive pages exponentially increases that risk.

Accordingly, Microsoft proposes a reasonable limitation of 10 consecutive pages.  To the extent

WSOU reasonably believes a section of more than 10 consecutive pages is critical to make out its

case, Microsoft is willing to engage with WSOU in good faith to increase the number of

consecutive pages on a case-by-case basis.  Microsoft's proposal strikes a balance between

allowing WSOU the printouts it needs for its case, while safeguarding Microsoft's intellectual

property for core software products.

| Plaintiff's Proposal | Defendant's Proposal |
| --- | --- |
| [d]uring the pendency of this Action and for one year after its conclusion, including any appeals or two years after such person **last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL**, whichever is earlier. | [d]uring the pendency of this Action and for one year after its conclusion, including any appeals or two years after such person has **terminated their involvement in this Action by filing of a notice of withdrawal with the Court**, whichever is earlier. |

## I.    Plaintiff's Position

WSOU proposed often-used language in prosecution bars concerning an alternative time

period when a prosecution bar should no longer apply to a person -- "two years after such person

last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL." This language reflects the

simple fact that memories fade over time and that the principal expiration clause, which is tied to the case ending (including the appeals), can go on for years. This same language has either been agreed to by parties or used by Courts in at least the following cases:

- **13 Cases**: *Uniloc 2017, LLC v. Google LLC*, Case Nos. 2:18-cv-491-504-JRG-RSP (E.D. Tex.)(Jun. 14, 2019) ("two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL . . . ")
- **5 Cases**: *Uniloc 2017, LLC v. Google LLC*, Case Nos. 2:18-cv-548, 550-553-JRG (E.D. Tex.)(Jul. 2, 2019)( "two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL . . .")
- *Kojicast, LLC v. Funimation Productions, LLC*, Case Nos. 2:19-cv-132 (E.D. Tex.)(Jul. 19, 2019)("two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL . . . ")
- *Keurig, Incorporated v. Sturm Foods, Inc.*, Case No. 10-841-SLR-MPT (D. Del.)(July 6, 2001)("two years after that person's last review of the Designated Material")
- *Uniloc 2017, LLC v. Kaspersky Lab, Inc.*, Case No. 2:19-cv-219-JRG (E.D. Tex.)(Nov. 19, 2019)( ("two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL . . . ")
- *Uniloc 2017, LLC v. Kik Interactive, Inc.*, Case No. 2:19-cv-150-JRG-RSP (E.D. Tex.)(Aug. 11, 2020)( ("two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL . . . ")
- *Uniloc 2017, LLC v. Riot Games, Inc.*, Case No. 2:19-cv-223-JRG (E.D. Tex.)(Mar. 19, 2020)(two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL . . . ")
- *Pass & Seymour, Inc. v. General Protecht Group, Inc. et al.*, Case No. 5:077-cv-833 (N.D. N.Y.)(Dec. 21, 2011)("for a period of eighteen months (18) months from his or her last review of such information.")
- *Prism Technologies v. Research in Motion, Ltd el al*, Case No. 8:08-cv-537 (D. Neb)(Feb. 9, 2010)("two years (for examination prosecution and support) after that person's last review of the designated information . . . ").
- *WM Wrigley Jr. Co, v. Cadbury Adams USA*, Case No. 2:04-cv-346 (N.D. Ill.)(Jan. 21, 2005)("three years after that person's last review of the designated information . . .")
- *Vest Corporation v. Amdocs Management Limited et al.*, Case No. 3:14-cv-1142 (D. Ore.)(Feb. 21, 2017)("two years after the person last reviews the source code . . . ").

Microsoft agreed in principle but rejected such language, arguing that it is difficult to track when a person "last reviewed." Accordingly, Microsoft proposed using a "notice of withdrawal" as a trigger. This proposal should be rejected for the simple fact that it ignores non-attorneys like paralegals and experts that will also have access to confidential information. These people neither appear nor withdraw; and, accordingly, this alternative clause is inapplicable to them. The mere fact that it may be difficult to track when one last accessed confidential information is not a good

reason to reject this language. Indeed, Microsoft agreed to the "last review" language as a third party in *Sun Microsystems, Inc. v. Network Appliance, Inc.*, Case No. 3:08-cv-1641 (N.D.Ca.) (Nov. 30, 2019))("beginning upon the person's first review of Microsoft code and ending two years after (1) that person's last review of Microsoft code . . . ").[7] And, all the parties in the cases above used the "last review" – type language.

## II.     Defendant's Position

WSOU's proposal provides that the prosecution bar no longer applies if two years have passed since such person has reviewed highly sensitive technical material.  WSOU's proposal does not provide a person who has reviewed highly sensitive technical material with certainty that he or she is not inadvertently violating the provisions of this protective order.  As a practical matter, it is not possible to track or monitor when a person last reviewed such material, as dates of access are not required to be logged or tracked.  Microsoft's proposal, which is keyed off of the filing of a notice of withdrawal with the Court, provides a date certain that can be more readily tracked and enforced.

| Plaintiff's Proposal | Defendant's Proposal |
| --- | --- |
| In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:<br><br>promptly, **no later than three (3) business days after such an obligation is discovered**, notify in writing the Requesting Party and the Non-Party simultaneously  that some or all of | In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:<br><br>promptly notify in writing the Requesting Party and the Non-Party simultaneously  that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; |

---

[7] In this case, Microsoft agreed to "whichever is later date" as opposed to a "whichever is earlier" date.  Microsoft, however, did agree to use the proposed "last review" date as a trigger.

| the information requested is subject to a confidentiality agreement with a Non-Party | |
|---|---|

## I.      Plaintiff's Position

The final dispute concerns whether a specific number should be inserted for an obligation concerning promptness in Paragraph 13, 1(a). The particular paragraph deals with an inability to produce third-party information due to existing confidentiality agreements.  The parties agree that these third parties should be contacted "promptly" but disagree whether a time should be included. WSOU proposed three business days after an obligation is discovered. Microsoft suggests no date – suggesting that they believe something longer than three days is appropriate. WSOU's proposal provides objectivity in the otherwise relative and subjective term "promptly," which hopefully reduces any chance of further dispute arising from this term.

This entire clause was included at the request of Microsoft.  WSOU agreed; however, WSOU believes there should be some period defined that is "prompt." WSOU has also been open to other suggestions.

## II.     Defendant's Position

WSOU's proposal to require notification to non-parties of potential production of non-party confidential information within three business days "after such an obligation is discovered" is neither enforceable nor practical.  WSOU does not define when "an obligation is discovered." WSOU's proposal is not enforceable, as there is no way for the requesting party to know when the producing party first discovered that it needed to provide notice to a non-party regarding the non-party's confidential information such that three business days could be precisely tracked. WSOU's proposal is also impractical, inefficient, and unnecessarily burdensome.  If, for example, a party spends two weeks reviewing a collection of documents for production, in which information of a particular non-party appears at both the beginning and the end of the set, under

WSOU's proposal the party will have to send multiple notice letters to the same non-party. This unnecessarily burdens both the producing party and the non-party with serial notice letters. Microsoft's proposal, which requires prompt notification to non-parties, avoids unnecessary delays in the production of non-party confidential information without setting forth impractical and unenforceable deadlines.

DATED: March 29, 2021        Respectfully submitted,

By: */s/Ryan S. Loveless*
Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
**Law Firm of Walt, Fair PLLC.**
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JeffH@EtheridgeLaw.com

*Counsel for Plaintiff WSOU Investments, LLC*

DATED: March 29, 2021        Respectfully submitted,

By: */s/ Brooke Boll*
Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166

bshelton@sheltoncoburn.com

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | § CIVIL ACTION 6:20-CV-00454-ADA<br>§ CIVIL ACTION 6:20-CV-00455-ADA<br>§ CIVIL ACTION 6:20-CV-00456-ADA<br>§ CIVIL ACTION 6:20-CV-00457-ADA<br>§ CIVIL ACTION 6:20-CV-00458-ADA<br>§ CIVIL ACTION 6:20-CV-00459-ADA<br>§ CIVIL ACTION 6:20-CV-00460-ADA<br>§ CIVIL ACTION 6:20-CV-00461-ADA<br>§ CIVIL ACTION 6:20-CV-00462-ADA<br>§ CIVIL ACTION 6:20-CV-00463-ADA<br>§ CIVIL ACTION 6:20-CV-00464-ADA<br>§ CIVIL ACTION 6:20-CV-00465-ADA<br>§<br>§ PATENT CASE<br>§<br>§<br>§ JURY TRIAL DEMANDED |

## PROTECTIVE ORDER

WHEREAS, Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development and Defendant Microsoft Corporation, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, other proprietary information, or information implicating privacy considerations in the Action[1];

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party or Non-Party may designate as confidential for protection under this Order, in

---

[1] Action means the Case Nos. 6:20-cv-0454 through 6:20-cv-00465.

whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material. For natively produced Protected Material, the appropriate designation shall be placed on the placeholder image bearing the Bates number for the native file and the filename of each such natively produced document shall include the appropriate designation.

2. Any document produced under the Order Governing Proceedings before issuance of this Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or any similar designation shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" both individually and collectively.

providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized by this Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound," (Appendix A).

5.     "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)  outside counsel of record in this Action for the Parties, and outside counsel retained for the purpose of this litigation;

(b)  outside counsel's paralegals, attorneys, and staff, working at the direction of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)  no more than two (2) in-house counsel for the Parties to whom such disclosure is reasonably necessary for the oversight, conduct, and/or resolution of this litigation, all of whom have read this Order and signed the "Acknowledgement and Agreement to Be Bound" (Appendix A);

(d)  up to and including two (2) designated representatives of each of the Parties to whom such disclosure is reasonably necessary for the oversight, conduct, and/or resolution of this litigation, and who has read this Order and signed the "Acknowledgement and Agreement to Be Bound" (Appendix A),

(e) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer within three business days in good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party must file a motion with the Court within three business days requesting a hearing or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material should be protected from public disclosure because such information (i) contains confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material; or (ii) any information that a Party or Non-Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations..

---

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing data, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order. Disclosure of DESIGNATED MATERIALS shall be subject to all applicable laws and regulations relating to the export of technical data contained in such DESIGNATED MATERIALS including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving DESIGNATED MATERIALS shall comply with all applicable export control statutes and regulations.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so highly sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (i.e., a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm) and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate

such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE." "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" also includes any information that a Party or Non-Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

9.    For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a)-(b) and 5(e)-(g).

10.   For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided using three secure review computers provided by the producing Party, where the Source Code production applicable to each of the above-captioned cases is accessible from each review computer. If a Party's Source Code is provided on the review computers, each review computer shall be a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). A display screen or monitor of a size of at least seventeen inches shall be provided by the producing Party for each review computer. Each review computer may be capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraph 10(h) and (k) below. Each review computer shall, at the receiving Party's request and expense, and with the producing Party's approval that shall not be unreasonably withheld, include reasonable commercially available analysis tools (e.g., Notepad++) reasonably necessary for the type of Source Code Material. The receiving Party shall be responsible for providing tools or licenses to

tools that it wished to use so that the producing Party may install such tools on the stand-alone computers. Requests for installation of tools will be provided to the producing Party in a reasonable time. Except as provided in paragraph 10(k) below, the review computers produced by Microsoft will only be made available at the Austin offices of the law firm Fish & Richardson, or as otherwise agreed. If, due to a public health or other emergency, there arise federal, state, or local social distancing or travel restrictions, which would substantially hinder the source code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the source code machines available in an alternative location that would allow source code review to occur while satisfying the reasonable interests of the producing Party in maintaining the security of its Source Code Material.

(b)  The receiving Party shall make reasonable efforts to restrict its requests for such access to the review computers to normal business hours for Fish & Richardson, where the code is hosted, which for purposes of this paragraph shall be 8:30 a.m. through 4:00 p.m. CST.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the review computer outside of normal business hours.  Requests for access shall be made ten (10) business-days' notice for the initial inspection of the Source Code Materials and three (3) business-days' notice for any subsequent inspection of the Source Code Materials.[4] Any single inspection may span multiple days based on the same notice. Requests for access shall include the information reasonably needed to access the building, including the names of the visitors and expected times of arrival.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the review computer in order to access the produced Source Code Material on the review computer. No recordable media, recordable devices, input/output devices, devices with Internet or network access, or other electronic devices capable of recording, copying, or transmitting the source code, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the source code reviewing room. The hosting facility for the producing Party shall provide a secure location to store personal electronic devices, such as cellular telephones, where they will be readily accessible to the reviewer outside the review room upon request.  Nor shall the reviewing Party or its expert(s) attempt to circumvent the security of the review computer or confidentiality of the source code displayed;

(d)  The producing Party will produce Source Code Material in computer searchable format on the review computer as described above;

---

[4] The parties recognize that the request for access for initial inspection of code has already been made and that additional requests shall require three (3) business-days' notice.

(e) Access to Protected Material designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be limited to outside counsel and up to three (3) outside consultants or experts[5] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include reasonably limited excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(g) Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) In view of the current logistical circumstances related to the COVID-19 pandemic, the receiving Party will be provided with three (3) copies of printed Source Code Material, which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except as explicitly permitted herein. The receiving Party shall maintain a log of all such files that are printed." No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except as explicitly permitted herein. The receiving Party may request additional copies of printed Source Code Material to be sent to specific individuals who have read this Order and signed Appendix A for the purposes of this litigation and with a need for additional, simultaneous access to the printed Source Code Material, and such requests shall not be unreasonably denied by the producing Party. The requesting party may seek leave of Court to require additional copies if the requesting Party believes the other party has unreasonably denied such a request. The receiving Party shall maintain a log of all such files that are printed.

---

[5] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's staff and other support personnel, working at the direction of such outside consultant or expert, and as such, the disclosure to a consultant or expert's staff and other support persons shall count as a disclosure to a single consultant or expert. Each person working at the direction of such outside consultant or expert must sign the acknowledgement form attached as Appendix A.

The receiving Party shall not print more than [**WSOU: 1000 pages for each software release**]. [**Microsoft**: ten (10) consecutive pages of continuous Source Code. The receiving Party may request permission to print additional consecutive pages of continuous Source Code. Such requests shall not be unreasonably denied by the producing Party. In addition, the receiving Party shall be limited to printing a total of two hundred and fifty (250) pages of Source Code per case, a page being defined as an 8.5" x 11" paper page with 1.25" margins and using no smaller than a 12-point font]. The receiving Party may request permission to print additional pages of Source Code. Such requests shall not be unreasonably denied by the producing Party. If at the time of inspection and requested printing, the producing Party objects to the printed portions as excessive and/or not done for a permitted purpose, the receiving Party shall not be provided with the print portions until such objection is resolved. In the event of an objection, the Parties shall meet and confer in good faith within one (1) business day of the objection and attempt to resolve the dispute on an informal basis. If the Parties are unable to resolve any objection, the receiving party may seek court intervention.

If during the course of a review the receiving Party has stored electronic print-outs of Source Code Material (for example a pdf file) on the review computer, the receiving Party may request the producing Party provide the receiving Party with a Bates-labeled and appropriately designated paper copy of the electronic print-outs to the Receiving Party within one (1) business day. The producing Party will not delete such stored electronic print-outs from the review computer.

(i)  Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(j)  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts at all times keep the printouts or photocopies in a secured container in a locked area in the offices within the United States of such outside counsel, consultants, or expert, except when actively reviewing those printouts or photocopies. Paper copies of Source Code Material may not be copied and may not be removed from a secured container or location unless in a secured, private area. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a secure location within a hotel prior to a Court proceeding or deposition); and

(k)  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal

Express or other similarly reliable and insured courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth herein and is at all times subject to the transport restrictions set forth herein. For those purposes only, the Source Code Materials may be stored on a stand-alone computer.

(l)    The producing Party may visually monitor the activities of the receiving Party's representatives during any source code review subject to such monitoring activities being free from any interference that impedes or hinders the representatives' source code review, and only to the extent to ensure that there is no unauthorized recording, copying, or transmission of the producing Party's Source Code. For example, the producing Party may visually monitor while standing outside of a glass wall of a conference room. For the sake of clarity, the producing Party will refrain from any active monitoring activities that reveal Attorney Work Product (*e.g.*, viewing the source code review notes, monitoring the contents of the review computer's screen during the review, or listening to conversation of the source code reviewer); such monitoring activities will not be considered to be reasonable.

(m)  Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Except as provided in this paragraph, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper copy of Source Code Material for use in any manner. Where the producing Party has provided the express written permission required under this provision for a receiving Party to create electronic copies of Source Code Material, and if the producing Party requests it, the receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order. The Parties agree to negotiate additional procedures that will govern the use of Source Code Material in remote depositions, if necessary.

11.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise

learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals [**WSOU:** or two years after such person last reviewed the HIGHLY SENSITIVE TECHNICAL MATERIAL] [**Microsoft:** or two years after such person has terminated their involvement in this Action by filing of a notice of withdrawal with the Court], whichever is earlier. These prohibitions shall not preclude Plaintiff's litigation counsel from participating in any inter partes review, CBM, or post-grant review proceedings, provided there is no attempt to amend any claims in the proceedings by any counsel for patent owner during the course of the proceedings. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:(a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order if allowed under applicable protective orders in the other litigation;(b) promptly notify in

writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

13. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly [**WSOU**:, no later than three (3) business days after such an obligation is discovered,] notify in writing the Requesting Party and the Non-Party simultaneously that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party. If the Non-Party fails to object  and seek a protective order from this court within 14 calendar

days of receiving the notice and accompanying information, the Party shall produce the Non-Party's confidential information responsive to the discovery request. If the Party maintains it cannot produce the Non-Party's confidential information even after the notice and accompanying information have been provided, the Party may prepare a joint motion in which the Party and the Requesting Party ask that the court order expedited production of the Non-Party's confidential information in response to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s), in writing or via on-the-record request, and providing a privilege log for the inadvertently or unintentionally produced documents, information

14

or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information. If any such inadvertently produced material has been used in any other document generated in connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed. The producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents. The receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion. Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information. To the extent that a receiving Party receives information or items from a producing Party that the receiving Party believes may have been inadvertently disclosed, the receiving Party shall inform the producing Party and suspend review of such information or items for five (5) business days subject to the producing Party's response.

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or a hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

18.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.  The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil

Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties" or "Non-Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

24. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within thirty (30) days of final disposition of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Nothing in this order requires a Party to destroy any information it is required by law to retain. The Parties shall not be required to delete information that may reside on electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. However, the Parties and their counsel shall not retrieve, access, nor use any DESIGNATED MATERIAL from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

25. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a

motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28.   Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § § § § § § § § |
| Plaintiff, | |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

CIVIL ACTION 6:20-CV-00454-ADA
CIVIL ACTION 6:20-CV-00455-ADA
CIVIL ACTION 6:20-CV-00456-ADA
CIVIL ACTION 6:20-CV-00457-ADA
CIVIL ACTION 6:20-CV-00458-ADA
CIVIL ACTION 6:20-CV-00459-ADA
CIVIL ACTION 6:20-CV-00460-ADA
CIVIL ACTION 6:20-CV-00461-ADA
CIVIL ACTION 6:20-CV-00462-ADA
CIVIL ACTION 6:20-CV-00463-ADA
CIVIL ACTION 6:20-CV-00464-ADA
CIVIL ACTION 6:20-CV-00465-ADA

PATENT CASE

JURY TRIAL DEMANDED

**APPENDIX A**
**ACKNOWLEDGEMENT & AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER**

I, _____[print or type full name], declare that:

1.    My address is _____. My current employer is _____. My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read in its entirety and understand the Protective Order.

3.    I will comply with and be bound by all of the provisions of the Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

4.    I will hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action any information or item that is subject to the Protective Order.

5.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

6.      I hereby submit to the jurisdiction of the Court in which the action is pending for the purpose of enforcement of the Protective Order in this action, even if such enforcement proceedings occur after termination of the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Printed Name _____

Date _____

City and State where sworn and signed: _____

E-mail Address:      _____

Telephone:      _____